(75 App. Div. 117.)

### ROOSEVELT et al. v. NUSBAUM.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

**1.** CONTRACTS—CONSTRUCTION—AGENCY.

Plaintiff contracted to sell and to continue to sell defendant a certain variety of wine at a certain price, and that defendant should have the sole agency for such wine in the town where he was located. *Held*, that the contract was one of purchase and sale, and did not create the relation of principal and agent; the provision as to sole agency merely meaning that the wine was not to be sold to any other dealer in the same city.

**2. SAME—CONSIDERATION—PERFORMANCE.**

Plaintiff contracted to sell and to continue to sell defendant a certain kind of wine at a certain price, and that defendant should have the sole agency for such wine in his town, provided he handled the wine in fair quantities. This defendant did. *Held* that, though defendant made no covenant to handle the wine in any quantity, his actual performance was a sufficient consideration for plaintiff's promise to furnish the wine in the future.

**8. APPEAL—RENDITION OF JUDGMENT.**

Code Civ. Proc. § 1187, provides that when decision on a motion for a nonsuit or a directed verdict has been reserved, and verdict taken on special questions, the appellate division may, on appeal, grant to either party any judgment to which it may be entitled. After the finding of special issues by the jury in favor of defendant, pending which decision on motions had been reserved, the court set aside the verdict and rendered judgment for plaintiff. *Held* that, there being nothing to show that the verdict was not set aside as against the weight of the evidence, judgment could not be rendered by the appellate division in accordance with the special findings.

**4. SAME.**

If the verdict had not been set aside, such judgment could not have been rendered, as it would have deprived plaintiff of the right to review the verdict as being against the weight of the evidence, or on any other ground.

Appeal from special term, Albany county.

Action by S. Montgomery Roosevelt and another against Simon J. Nusbaum. From a judgment for plaintiffs, and from an order setting aside a verdict for defendant, granting an extra allowance of costs, and denying a motion for a new trial, defendant appeals. Reversed.

On June 14, 1895, the plaintiffs, who are the general agents in this country for the sale of wine known as "Ruinart Brut Champaign," executed and delivered to the defendant a paper of which the following is a copy:

"Office of S. I. Nusbaum, Wholesale Liquor Dealer, 524 Broadway.

Telephone 1244.

"Albany, N. Y., June 14, 1895.

"We have sold, and will sell in the future (except duty or price in general should change), to Mr. S. I. Nusbaum, of Albany, N. Y., our Ruinart Brut qts. at $29.90, & pts. at $31.90, & will allow him for spending money, &c., two dollars per case; amount to be deducted on each invoice. Terms 4 mts., or 3% off 30 ds.

"Mr. S. I. Nusbaum will have the sole agency for our wine in Albany, N. Y., provided he continues to handle the wine in fair quantities.

"Roosevelt & Schuyler,
"Per S. H. May."

The defendant thereupon purchased and sold divers quantities of said wine in the city of Albany until about November, 1899, when the plaintiffs gave him notice that they would no longer give him the discount which they had given him, and practically discontinued the relations under the claimed contract. At this time the defendant was owing the plaintiffs the sum of about $1,200 for wine purchased under the agreement. To recover this sum this action was brought against the defendant. The defendant, admitting the plaintiffs' claim, interposed an answer claiming damages from the plaintiffs for a breach of the plaintiffs' contract to give him the sole agency within the city of Albany, claiming that he (the defendant) had performed all the conditions of the contract. Upon the trial, evidence was given as to the amount of wine handled, and at the close of the trial the trial judge, reserving his decision upon the motions made, submitted to the jury two questions: First, whether the defendant had handled this wine in fair quantities; secondly, if so, and the contract had been broken on the part of the plaintiffs, to what extent the defendant was damaged. The jury brought in a verdict that the

contract had been broken on the part of the plaintiffs, and the defendant was damaged to the extent of $500. Thereafter the court set aside this verdict of the jury, and ordered judgment for the plaintiffs for the full amount of their claim, with costs and an extra allowance. From this judgment and from the order setting aside the verdict, as well as from an order thereafter made refusing to grant a new trial upon the minutes, the defendant here appeals.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and FURSMAN, JJ.

David Muhlfelder and Franklin M. Danaher, for appellant.
Tracey & Cooper, for respondents.

SMITH, J. The argument in this case has been made upon what seems to me an entire misconception of the legal relations of these parties. Counsel have assumed that the relationship of principal and agent existed, and the action was to be determined by the application of rules of law applicable to that relationship. I am unable in this case to discover any agency whatever. Here is a simple contract of purchase and sale. It is true that there is a covenant, under certain conditions, to give to the defendant the "sole agency." The meaning of this covenant, however, is plain. The plaintiffs were thereby bound not to sell this wine to others within the city of Albany. It does not create an agency. In all agencies there is a relation of trust and confidence, by reason of which the legal right to discontinue that relationship is more strongly implied, and any stipulation providing for its continuance must be, perhaps, the more clearly stated. Where, as here, however, there is no relation of trust or confidence, and a simple contract of purchase and sale, the inquiry is—First, whether there was an intention to create a continuing contract; and, secondly, whether a full consideration exists for such a covenant.

The intention expressed in the proposition of the plaintiffs seems to me clear. The wine was to be sold to the defendant at a certain price, the payment of which constituted the consideration for that sale. The covenant for the sole agency within the city of Albany was made upon condition that the defendant should handle this wine in fair quantities. The verdict of the jury has determined that the condition of this covenant had been performed, and that the wine has been handled by the defendant in fair quantities. I am unable to see, therefore, why the covenant of the plaintiffs was not a binding obligation upon them at the time when it was broken, and why defendant was not at that time entitled to his damages for the breach thereof. The plaintiffs' counsel, however, contends that, inasmuch as the defendant made no covenant to purchase wine or to handle the same in any quantity whatever, the plaintiffs' covenant was void for want of mutuality. To this, however, we cannot agree. In L'Amoreux v. Gould, 7 N. Y. 349, 57 Am. Dec. 524, the headnote, in part, reads:

"The rule laid down in Chitty on Contracts, that, if one party to an agreement was never bound on his part to do the act which forms the consideration for the promise of the other, the agreement is void for want of mutuality, is too broadly stated. It is confined to cases where the want of mutuality would leave a party without a valid consideration for the promise at the time it is to be performed."

In Marie v. Garrison, 83 N. Y. 14, the rule of law is stated:

"Where a proposition is made by one party, accompanied by a promise, a voluntary performance by another, to whom the proposition was made, of the requirements, in consideration of the promise, constitutes a consideration which will uphold the promise and make it binding."

In Pars. Cont. (8th Ed.) p. 452, the text reads:

"The party making the promise is bound to do nothing until the promisee, within a reasonable time, engages to do, or else does or begins to do, the thing which is the consideration of the first promise. Until such engagement or such doing, the promisor may withdraw his promise, because there is no mutuality, and therefore no consideration for it. * * * But if, without any promise whatever, the promisee does the thing required, then the promisor is bound on another ground. The thing done is itself a sufficient and completed consideration, and the original promise to do something if the other party would do something is a continuing promise until that other party does the thing required of him."

. See, also, Wakeman v. Manufacturing Co., 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676.

In the proposition of the defendant, the "sole agency" was only upon condition of the purchase and sale in fair quantities. The performance of that condition—the purchase and sale by the defendant in fair quantities—was a legal and valid consideration for the plaintiffs' covenant to continue the "sole agency" to the defendant. We are of opinion, therefore, that the learned trial judge erred when he held, as he apparently has held, that the plaintiffs had the right at any time to treat the proposition made as no longer in force.

The learned trial judge apparently endeavored to bring this case within the special provisions of section 1187 of the Code of Civil Procedure; and the defendant has asked, if we reverse the court below, that we direct the entry of judgment for the amount of plaintiffs' claim, less the $500 found by the jury as damages due for the plaintiffs' breach of contract. This we are unable to do, for two reasons: First, the trial judge has set aside this verdict. There is nothing to show that he has not set it aside as against the weight of evidence. But if he had not ordered the verdict set aside, and had simply directed judgment for the plaintiffs, as seems to be contemplated by section 1187 of the Code, if we order the judgment requested by the defendant the plaintiffs will be deprived of their right to review before the trial judge or in this court the verdict of the jury as having been against the weight of evidence, or upon any other ground upon which they might challenge the verdict. For such reason, the court has held practically inoperative the provisions of section 1187, authorizing the appellate division to grant to either party any judgment to which it may be entitled, when in the court below the decision upon a motion for a nonsuit or directed verdict has been reserved, and the verdict of the jury taken upon special questions, which verdict of the jury has been included in the record upon appeal after the decision upon the motions reserved. The judgment and order must therefore be reversed, and a new trial ordered.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event.

Judgment and order reversed on law and facts, and new trial granted, with costs to appellant to abide event. All concur: PARKER, P. J., and KELLOGG, J., in result.