McLAUGHLIN, LAUGHLIN and HOUGHTON, JJ., concurred; O'BRIEN, P. J., dissented.

Judgment reversed, with costs, and demurrer overruled, with costs, with leave to defendant Delaney to withdraw demurrer and to answer on payment of costs in this court and in the court below. Order filed.

---

MARGARETE ANTES, as Administratrix, etc., of SIMON ANTES, Deceased, Appellant, *v.* WILLIAM H. WATKINS and JOSEPH WATKINS, Respondents, Impleaded with Others.

First Department, April 20, 1906.

**Practice** — dismissal of complaint on reserved decision after verdict for plaintiff — exception to reservation necessary — workman of independent contractor not servant of owner of premises on which he is employed — Labor Law imposes no liability on owner for injury from broken scaffold.

The authority of the court to dismiss the complaint after a verdict has been rendered in favor of the plaintiff, upon a prior motion therefor on which decision was reserved, cannot be questioned on appeal in the absence of an excep-

tion to the reservation of the decision. An exception to the final disposition of such motion is not sufficient.

The relation of master and servant does not exist between the owners of premises on which a building is being erected and a workman in the employ of an independent contractor who is constructing the building, although the owners furnish the materials and exercise a general oversight of the construction; nor is there any provision in the Labor Law requiring the owners to furnish such a workman with tools or apparatus.

Hence, where a carpenter was killed by the collapse of a scaffold for which, with a fellow-servant, he selected the material and which they constructed and tested, there can be no recovery against such owners on the ground that they directed the use of the scaffold when the only evidence offered shows that one of them warned the workmen that the scaffold was insufficient, which warning was ignored.

APPEAL by the plaintiff, Margarete Antes, as administratrix, etc., of Simon Antes, deceased, from so much of a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 19th day of April, 1905, as dismisses the complaint as to the defendants William H. Watkins and Joseph Watkins after a trial at the New York Trial Term.

*Frederick S. Martyn*, for the appellant.

*Frank Verner Johnson*, for the respondents.

PATTERSON, J.:

The plaintiff appeals from a judgment entered upon the dismissal of the complaint as to the defendants William H. and Joseph Watkins. The action was brought against the defendants Watkins, owners of a lot of land in the borough of Manhattan, city of New York, on which they were constructing or causing to be constructed a house, and against the defendants Strohmenger & Rosenbaum, who were engaged as contractors in doing certain work as builders and framers upon such house. It is alleged in the complaint that the plaintiff's intestate was a carpenter in the employ of Strohmenger & Rosenbaum; that William H. Watkins for himself and for the defendant Joseph Watkins personally directed and controlled the building of the house and took part in the construction thereof, "including the construction of a certain scaffold" built upon the outside of the house upon which plaintiff's intestate in the course of his employment was required to work; that it was

the duty of the defendants Watkins and of the defendants Strohmenger & Rosenbaum to furnish plaintiff's intestate with a reasonably safe place to work and with reasonably safe tools and appliances with which to do his work and to keep the same in reasonably safe repair, and that unmindful of their duty in this respect the defendants carelessly and illegally neglected and failed to give plaintiff's intestate a safe place to work and provide him with reasonably safe and proper materials and keep the same in reasonably safe repair, all of which was known to the defendants and not known to the plaintiff's intestate, and that by reason of the carelessness and neglect of the defendants as aforesaid the said scaffold upon which the plaintiff's intestate was working on a certain date was precipitated to the ground and he thereby sustained injuries which caused his death. The defendants Watkins answered the complaint, admitting their ownership of the premises, but denied the other substantial allegations thereof and their answer contains the usual allegation of contributory negligence of the plaintiff's intestate. The defendants Strohmenger & Rosenbaum denied all the allegations of the complaint. On the trial of the cause the following facts were established without contradiction : The plaintiff's intestate was employed by Strohmenger & Rosenbaum, who contracted with the defendants Watkins to furnish the labor and do all the framing work connected with the construction of the house. The defendants Watkins were to furnish all the materials. Antes, the plaintiff's intestate, and one Eckert, carpenters employed by Strohmenger & Rosenbaum, worked upon a scaffold which was constructed from material upon the premises belonging to the defendants Watkins. Antes and Eckert selected the material, constructed the scaffold and tested it. The scaffold was built of hemlock and spruce. It rested upon two horses inside the building, with two pins projecting outside, and was braced from the bottom and the ceiling inside the building. It was a movable structure and was first put up and used by Antes and Eckert on a Saturday. It was moved from story to story, and on the following Monday it was at the fourth floor. Antes and Eckert were working upon it all Monday morning. About noon of that day it broke — one of the pins or spruce crosspieces that went from one horse to another inside of the building broke two feet from the

exterior end, and the men working upon it fell to the ground and Antes was killed. Liability was imputed to all of the defendants upon the claim of a violation of section 18 of the Labor Law (Laws of 1897, chap. 415), which provides that "a person employing or directing another to perform labor of any kind in the erection, repairing, altering or painting of a house, building or structure shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged." In submitting the cause to the jury the trial judge instructed them that the duty rested upon the employers to use reasonable care to furnish their employees with a safe place in which to perform their labor, called their attention to the above-cited provision of the Labor Law and directed them to pass upon the question of the scaffold being a safe structure upon which to work, and they were told that if the scaffold was constructed by the decedent himself and his fellow-workman, and there was carelessness on the part of the fellow-workman in the construction, that carelessness is chargeable against the master; and, on the other hand, if the decedent himself saw defects in the scaffold, or if there were any defect discernible by the exercise of reasonable care on his part, he would be deemed to have assumed whatever risks were incident to such defects, and if the resulting collapse or breaking of the scaffold was produced by defects of which the decedent had knowledge, or which, by the exercise of reasonable care, he might have discovered, no one would be liable. And as to the defendants Watkins, liability would depend upon their having assumed to give directions with respect to the construction of the scaffold in connection with the fact of the material used belonging to or having been furnished by them. The court also specifically instructed the jury that they could not find a verdict against the defendants Watkins unless there was a direction given by them or one of them concerning the construction of the scaffold; that a suggestion only relative to it was not of itself sufficient and that they must be satisfied that there was a direction given. The jury found a verdict for the plaintiff against the defendants Watkins but they also found in favor of the

defendants Strohmenger & Rosenbaum. After the rendition of the verdict, a motion to dismiss the complaint as to the defendants Watkins — which had been made at a previous stage of the trial, but the decision of which was reserved until after the verdict — was granted and from the judgment entered upon the dismissal of the complaint this appeal is taken.

It is argued by the appellant that the court had no authority after a general verdict to dismiss the complaint and that for that reason the verdict must be reinstated. There are decisions to the effect that after a general verdict the court cannot dismiss a complaint *upon the merits* (*Hoey* v. *Met. St. R. Co.*, 70 App. Div. 60; *Levy* v. *Grove Mills Paper Co.*, 80 id. 384), but in each of those cases the reservation of a decision upon the motion to dismiss was excepted to when the court announced its purpose. No exception was taken in the present case to the reservation. Counsel for the plaintiff by neither objecting nor excepting acquiesced in the ruling of the court. The only exception taken was to the disposition ultimately made of the motion and not to the reservation, and in such circumstances an objection to the procedure is not now available to the appellant.

The only matter for consideration, then, is the propriety of the dismissal of the complaint as to the defendants Watkins. Their liability must repose altogether upon their acts or conduct with relation to the erection of the scaffold. They were not the employers of Antes; the relation of master and servant did not exist as to them; they were under no duty or obligation as employers to furnish him with tools, appliances, apparatus or accessories of his work. If they remained aloof from the whole matter, they violated no duty to the decedent. There is nothing in the provision of the Labor Law which requires the owner of a building which is being constructed for him by an independent contractor to provide anything for the performance of that work by the contractor or his employees. The words of the statute are not to be extended or limited by construction. (*Schapp* v. *Bloomer*, 181 N. Y. 125.) There was not evidence sufficient to go to the jury that the defendants Watkins, the owners, undertook to direct Antes and his fellow-servant in the construction and erection of this scaffold. The only proof upon the subject is that one of the defendants Watkins told these workmen

that the scaffold they intended to erect was an insufficient one. They persisted in constructing it according to their own method and with the material selected by them. It can scarcely be said that the defendants Watkins directed the erection of this particular scaffold when they merely gave a solemn warning against its construction and use, which was unheeded and totally ignored.

A nonsuit was right and the judgment appealed from should be affirmed, with costs.

O'BRIEN, P. J., LAUGHLIN and CLARKE, JJ., concurred.

INGRAHAM, J. (concurring):

I concur with Mr. Justice PATTERSON. The action of the trial court in reserving its decision upon the defendants' motion for a dismissal of the complaint on behalf of the defendants Watkins until after the verdict of the jury, was justified by section 1187 of the Code of Civil Procedure. That section provides: "When a motion is made to nonsuit the plaintiffs or for the direction of a verdict, the court may, pending the decision of such motion, submit any question of fact raised by the pleadings to the jury or require the jury to assess the damage. After the jury shall have rendered a special verdict upon such submission or shall have assessed the damage, the court may then pass upon the motion to nonsuit or direct such general verdict as either party may be entitled to." The court reserved the motion for a nonsuit, and submitted to the jury the question as to whether the defendants, or either of them, were guilty of negligence. Whereupon the jury retired, and upon returning announced a verdict in favor of the plaintiff against the defendants Watkins, the owners of the property, in the sum of $5,000; whereupon the court granted the motion, the decision of which had been reserved, to dismiss the complaint against the defendants, the owners of the property. The questions of fact which were submitted to the jury were whether the defendants Watkins were guilty of negligence and whether the plaintiff's intestate was free from contributory negligence; and under the general authority conferred upon the court by this section of the Code, the court had power to determine the question as to whether the evidence was sufficient to sustain the verdict against the respond-

ents. But if the motion for a nonsuit had been denied and the case submitted to the jury, who had found a general verdict for the plaintiff, if there was no evidence in plaintiff's favor which justified the verdict, the court was at liberty to dismiss the complaint, notwithstanding the previous submission of the case to the jury. (*Glennon* v. *Erie R. R. Co.*, 86 App. Div. 397; affd. on appeal, 180 N. Y. 562.)

I also concur with Mr. Justice PATTERSON that there was no evidence to justify a verdict against the respondents.

Judgment affirmed, with costs. Order filed.