### SPILKER v. ABRAHAMS.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

1. APPEAL AND ERROR (§ 1062*)—ISSUES—SUBMISSION TO JURY—HARMLESS ERROR.

Where, in an action for malicious prosecution, the court would have been justified in instructing that there was no probable cause, defendant was not prejudiced by the court's submission of that issue to the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. § 1062.*]

2. FORGERY (§ 15*)—ALTERATION OF CORPORATE BOOKS.

Pen. Code, § 514, provides that a person who, either being an officer or in the employment of a corporation, falsifies, or unlawfully and corruptly alters or destroys, any records or other writing belonging to a corporation or appertaining to its business, is guilty of forgery in the third degree. Held, that every change in a book or paper of a corporation, though a falsification of it in a sense, is not necessarily forgery, and that a book or record is falsified, within such section, only when by some alteration it is made to speak differently from what it did previously, or is given a different effect in some material aspect, with a fraudulent and corrupt intent.

[Ed. Note.—For other cases, see Forgery, Cent. Dig. § 50; Dec. Dig. § 15.*]

3. MALICIOUS PROSECUTION (§ 71*)—PROBABLE CAUSE—QUESTION FOR JURY.

In an action for malicious prosecution, whether defendant had probable cause for charging plaintiff with forgery in the alleged alteration of certain corporate records held for the jury.

[Ed. Note.—For other cases, see Malicious Prosecution, Dec. Dig. § 71.*]

4. MALICIOUS PROSECUTION (§ 64*)—MALICE—EVIDENCE.

In an action for malicious prosecution, evidence held to sustain a finding that defendant was actuated by malice in instituting the prosecution.

[Ed. Note.—For other cases, see Malicious Prosecution, Dec. Dig. § 64.*]

Appeal from Trial Term, Westchester County.

Action by Carl A. Spilker against Paul M. Abrahams. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and MILLER, JJ.

Joel Krone, for appellant.
Allan C. Rowe, for respondent.

BURR, J. This is an action for malicious prosecution. It was conceded that the defendant procured the arrest of the plaintiff upon a charge of forgery in the third degree, and that after an examination before the magistrate, the proceedings were terminated by his dis-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

charge. The only questions remaining, therefore, were those of want of probable cause and malice.

In April, 1907, plaintiff was the treasurer of a corporation known as the Structural Concrete Company. One Charles F. Varney was the president, and the defendant, who is a lawyer, was the secretary, of the same company. The company had assumed the performance of some uncompleted contracts of a bankrupt corporation called George A. Varney & Co., of which the defendant was also the receiver. In February, 1907, the capital stock of the Structural Concrete Company was $25,000, of which the plaintiff held 63 shares. Shortly thereafter he signed a consent to the increase of the capital stock to $100,000, which had been prepared by the defendant. In April, 1907, a new certificate of stock was filled out by the defendant in the name of the plaintiff for 170 shares. It was signed by the president of the company, and afterward by the plaintiff as treasurer, who then took the new certificate of stock out of the stockbook and indorsed upon the old certificate for 63 shares the word "Canceled," and pasted it into the same book. About the same time Charles F. Varney, the president of the company, received a new certificate of stock for 250 shares under similar circumstances. Very shortly thereafter, and during the same month, the plaintiff was advised by his counsel that the issue of stock to him for 170 shares was illegal, since there was no consideration for it, and he thereupon returned this certificate to the stockbook and removed from it the former certificate for 63 shares, which had been marked "Canceled" and pasted into it. He did this after consultation with the president of the company, who, at the same time, returned the certificate for 250 shares which he had received. The act of the plaintiff was openly done, and there was apparently no effort to conceal from any one exactly what the transaction was. In June, 1907, the plaintiff was examined by the defendant in the bankruptcy proceedings of George A. Varney & Co., and all of these facts were testified to by him freely and without attempt at concealment. On the 4th of June, 1907, an action was commenced in the Supreme Court in Richmond county by Abrahams, the defendant here, against Spilker, the plaintiff here. It does not appear what the nature of that action was, but it was tried on January 22, 1908, and resulted in a verdict for Abrahams against Spilker for the sum of $5,700. A motion was made for a new trial, which manifestly involved questions of importance, for the trial judge announced that he would reserve decision upon the motion until a copy of the stenographer's minutes could be obtained, when briefs were to be submitted. Just three days afterward, and while the motion was pending, the defendant here procured plaintiff's arrest upon the charge of forgery in altering and destroying the books of record of the Structural Concrete Company.

The defendant now claims that the trial court erred in submitting to the jury the question whether he had probable cause to believe that the plaintiff had been guilty of the crime with which he was charged. If this was error, it was not error prejudicial to the defendant. We think the court would have been justified in instructing the jury that there was no probable cause. The provision of the statute is as fol-

"A person who either, being an officer or in the employment of a corporation, * * * falsifies, or unlawfully and corruptly alters * * * or destroys any * * * records, or other writing, belonging to or appertaining to the business of the corporation, * * * is guilty of forgery in the third degree." Pen. Code, § 514.

But every change in a book or paper of a corporation, although in a sense it may falsify it, is not necessarily a forgery. If so, the bookkeeper who erases an erroneous entry in the ledger, that a correct entry may take its place, or the clerk who inadvertently tears a leaf from the letter book, might become a felon. A book or record is falsified, within the meaning of this statute, only when by some alteration therein it is made to speak differently from what it did previously, or given a different effect in some material aspect, with a fraudulent and corrupt intent. People v. Underhill, 142 N. Y. 38, 36 N. E. 1049. There is not the least suggestion of any corrupt or fraudulent purpose in plaintiff's conduct. Plaintiff may have been mistaken as to his legal rights; but he no more committed the crime of forgery than a man would commit the crime of burglary who, under a mistaken notion of his right to do so, took another's horse from the stable, leaving his own in its place, and when he discovered his mistake returned the horse and resumed possession of his own, even though he opened the outer door of the building in order to do this.

The defendant claims that the plaintiff's acts were with a view of defeating any possible claim which the corporation might have had against him for the amount unpaid on the new stock which was issued to and received by him. There is no evidence that plaintiff had ever subscribed for any additional stock, or agreed to purchase the same, and, if he had, so that the company had an enforceable claim against him, that claim would hardly be affected by his return of the new certificate and the removal of the old, particularly when all of the facts in respect to the same were known to all of the officers of the corporation. But, to put it most favorably for the defendant, different inferences might be drawn from the undisputed facts in the case as to the existence of probable cause. If so, it was a question of fact for the jury. Heyne v. Blair, 62 N. Y. 19; Scott v. Dennett's Surpassing Coffee Co., 51 App. Div. 521, 64 N. Y. Supp. 817.

Defendant claims, also, that there was no evidence of malice. We think that there was evidence from which the jury would have been justified in finding actual ill will. The defendant had stated that "he was after Spilker." Although all of the facts were known to defendant in June, 1907, which were known when he started the criminal proceeding, he delayed proceeding until January, 1908, when the motion for a new trial in the Richmond county action was pending. Defendant claims that he consulted the district attorney shortly after the examination in June, 1907, and he advised him to do nothing in the matter of a criminal proceeding until the civil action was disposed of. Apparently he did not heed that advice, but at a critical juncture in the civil action instituted this proceeding. There was evidence from which the jury might have found that, while the criminal proceeding was pending, the counsel for Abrahams said in his presence to Spilker's counsel:

"Why should not these people get together and adjust all their difficulties and drop this [the criminal proceeding]?"

Although the defendant denies being present at a conversation in which words of somewhat similar import were used, he does not deny that something was said on the subject, and the counsel to whom the words were attributed, although present in court, made no denial of them. There were no exceptions taken to rulings upon questions of evidence, nor to the charge, which merit consideration.

The verdict was not excessive, under the circumstances, and the judgment and the order denying the motion for a new trial should be affirmed, with costs. All concur.