RUSSELL v. RHINEHART.

(Supreme Court, Appellate Division, Second Department. April 22, 1910.)

1. MALICIOUS PROSECUTION (§ 71*)—PROBABLE CAUSE.
     In an action for malicious prosecution, evidence *held* to require submission of the question of probable cause to the jury.
     [Ed. Note.—For other cases, see Malicious Prosecution, Dec. Dig. § 71.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. APPEAL AND ERROR (§ 1175*)—REVERSAL—VERDICT—RIGHT TO JUDGMENT—
"GENERAL VERDICT"—"SPECIAL VERDICT."

Code Civ. Proc. § 1187, provides that, when a motion is made to nonsuit plaintiff or for the direction of a verdict, the court, pending decision of the motion, may submit any question of fact to the jury or require the jury to assess the damage. It also declares that after the jury have rendered a "special verdict" on such submission, or shall have assessed the damage, the court may then pass on the motion to nonsuit, and on appeal the special verdict shall form a part of the record, and the appellate court may direct such judgment thereon as either party may be entitled to. Section 1186 defines a "general verdict" as one by which the jury pronounces generally on all or any of the issues in favor of plaintiff or defendant, while a "special verdict" is one by which the jury finds the facts only, leaving the court to determine which party is entitled to judgment. *Held*, that since, where the decision of the motion for nonsuit is reserved, the jury's province is limited to rendering a special verdict or assessing damages and has no power to render a general verdict, where a case was submitted and a general verdict rendered, the court reserving a motion for nonsuit which was subsequently granted, and the appellate court was unable to determine what facts the jury deemed established, plaintiff on reversal was not entitled to judgment on the verdict, but only to a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*

For other definitions, see Words and Phrases, vol. 4, pp. 3080, 3081; vol. 7, pp. 6594–6596.]

Appeal from Trial Term, Kings County.

Action by Allan W. Russell against Clark D. Rhinehart. From a judgment dismissing plaintiff's complaint and from an order setting aside a verdict for plaintiff, he appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, WOODWARD, BURR, and THOMAS, JJ.

Henry A. Powell, for appellant.
Martin S. Lynch, for respondent.

BURR, J. This is an action for malicious prosecution. At the close of plaintiff's case defendant moved for a nonsuit upon the ground that it affirmatively appeared that probable cause existed. Decision was reserved, and the trial proceeded. At the close of the entire case the motion was renewed, and a motion was also made to direct a verdict for defendant upon the same ground. Decision was again reserved, and the court submitted the case to the jury to find a general verdict. The jury found for plaintiff in the sum of $2,000. Thereafter the verdict was set aside, and the motion to dismiss the complaint was granted, and from the judgment entered thereon plaintiff appeals.

In the early part of 1904 defendant opened an office in East New York for the transaction of the business of a real estate broker under the name of "Linwood Realty Company." Plaintiff was employed as general manager. Shortly thereafter, through the efforts of plaintiff acting as defendant's employé, one Reingold obtained a loan from the Title Guarantee & Trust Company upon buildings that he was then erecting, which was to be advanced to him in installments as the work

progressed. It was conceded that defendant was entitled to receive from him as commissions for procuring the loan the sum of $180. Plaintiff admitted that when the first installment upon the loan was paid he received from Reingold the sum of $50. The question in this case is whether defendant had probable cause to believe that this money was any part of the commission belonging to him. Plaintiff testified that, while the negotiations for the loan were in progress, Reingold came into the office on several occasions and finally said to him that he was an illiterate man, that if plaintiff after office hours would go over his contracts and foot up his accounts he would compensate him for his services, that he told defendant of the offer which Reingold had made, and that defendant consented that he should accept such employment. Thereafter plaintiff did perform work for Reingold, and, when the latter received the first payment on account of his loan, plaintiff, at his request, deposited it to the credit of an account which he had opened in the name of the Linwood Realty Company, and then drew various checks against the amount of the deposit for different creditors of Reingold. One of those checks, for $50, was drawn to Reingold's order, indorsed by him, and given to plaintiff, who cashed it and kept the money. Plaintiff testified that it was agreed that he should keep this on account of services rendered. Some time afterward, in August, 1904, defendant spoke to plaintiff about this money. Plaintiff admitted receiving it, stated that it was for his services, and, when defendant demanded that he should pay it over to him, refused to do so, although he was threatened with discharge if he did not. Persisting in his refusal, he was discharged. More than two years afterward, and in November, 1906, defendant filed with a city magistrate an affidavit charging plaintiff with the crime of grand larceny, in that in July, 1904, he feloniously took, stole, and carried away from the possession of defendant the sum of $50, which had been paid to him by one Reingold for the use of defendant, being part of a commission due to him. A warrant was issued for plaintiff's arrest. When he heard of it he voluntarily appeared before the magistrate and was then formally taken into custody. The proceedings were from time to time adjourned without any evidence being taken, and finally abandoned.

Defendant testified that Reingold told him that this sum of $50 was paid to plaintiff on account of the commissions due to defendant for procuring the loan. A witness called for defendant testified to having heard Reingold make similar statements. Reingold was not called as a witness, either before the magistrate or on the trial, and defendant admitted that on the last day when the hearing was set down before the magistrate Reingold was present and said that he had made plaintiff a present of the $50, and that if called upon he would so testify.

There was a conflict of testimony as to what occurred when defendant accused plaintiff of stealing the $50, but defendant did not deny that plaintiff spoke to him about keeping Reingold's account for him, or that he consented that he should do so. Defendant also admitted that long after plaintiff's discharge, and after he knew of the

circumstances connected with the payment of the $50 to plaintiff, he still made a claim on Reingold for the full amount of his commissions. Under these circumstances, the question of probable cause was a question of fact for the jury, and the motion for a nonsuit was improperly granted. Spilker v. Abrahams, 133 App. Div. 226, 117 N. Y. Supp. 376; Heyne v. Blair, 62 N. Y. 19; Scott v. Dennett Surpassing Coffee Co., 51 App. Div. 321, 64 N. Y. Supp. 1016. Plaintiff now asks not only that the judgment appealed from be reversed, but that instead of ordering a new trial the verdict be reinstated and judgment entered thereon in his favor. In some cases, where counsel have assented thereto, rather than go back and try the case over again, this practice has been followed. In the absence of such assent we must examine the question of power. Plaintiff contends that the power to grant the relief asked for may be found in section 1187 of the Code of Civil Procedure. So far as applicable to this case, that section provides as follows:

"When a motion is made to nonsuit the plaintiffs or for the direction of a verdict, the court may, pending the decision of such motion, submit any question of fact raised by the pleadings to the jury or require the jury to assess the damage. After the jury shall have rendered a special verdict upon such submission or shall have assessed the damage, the court may then pass upon the motion to nonsuit. * * * On an appeal from the judgment entered upon such nonsuit, * * * such special verdict * * * shall form a part of the record, and the Appellate Division or the Court of Appeals may direct such judgment thereon as either party may entitled to."

It will be observed that, where the decision of a motion for nonsuit is reserved, the province of the jury is limited to rendering a special verdict or assessing damages. It has no power to render a general verdict. The distinction between a general and a special verdict is pointed out by the preceding section:

"A general verdict is one, by which the jury pronounces, generally, upon all or any of the issues, in favor either of the plaintiff or of the defendant. A special verdict is one, by which the jury finds the facts only, leaving the court to determine which party is entitled to judgment thereupon." Code Civ. Proc. § 1186.

In the absence of a special verdict in this case, we are unable to determine what facts the jury deemed established, whether Reingold did or did not make the statement to defendant which defendant claims that he did; whether plaintiff did or did not assert his right to retain the money for services when defendant first spoke to him about it; or whether, even conceding all that defendant claimed to be true, a prudent man, exercising reasonable care, would have been justified in presuming that the act of plaintiff in retaining the money was criminal in character. The cases cited by the appellant in support of his contention that the verdict should be reinstated are cases where a special verdict was had in accordance with the provisions of section 1187. Sullivan v. Metropolitan Street R. Co., 37 App. Div. 491, 56 N. Y. Supp. 88; Griffiths v. Metropolitan Street R. Co., 63 App. Div. 86, 71 N. Y. Supp. 406; Corson v. City of New York, 113 App. Div. 679, 99 N. Y. Supp. 921. The case of Levy v. Grove Mills Paper Co., 80 App. Div. 384, 80 N. Y. Supp. 730, was a case where a decision on

a motion for a nonsuit was reserved, a general verdict was taken, and thereafter the verdict set aside and the complaint dismissed, and the exceptions ordered to be heard in the first instance by the Appellate Division. The court in that case say that the practice was irregular, but it would appear from the record that the parties acquiesced in the action of the court in reinstating the verdict and entering judgment thereon. In that case no judgment had been entered, and the whole question might be deemed properly before the Appellate Division in view of the fact that the exceptions were ordered to be heard there in the first instance. Even if the verdict had been in the form prescribed by section 1187 of the Code of Civil Procedure, and the specific facts had been found, the record in this case is not in a form proper to enable the court to reinstate the verdict and direct judgment thereon, if it deemed the nonsuit improper. In such case "the record should present to the appellate court all of the objections and exceptions taken by either party to the ruling of the court." Sullivan v. Metropolitan Street R. Co., supra; Griffiths v. Metropolitan Street R. Co., supra.

In this case it is impossible to determine from the record whether that practice has been followed, although some of the exceptions taken by the defendant do appear therein. The practice of reserving decision upon a motion for a nonsuit, and then taking a general verdict from the jury, is not only unauthorized by the Code, but is in some respects unfair. If defendant's motion for a nonsuit is ultimately granted, and the appellate court thinks that it should not have been, defendant is then put in a position where he is deprived of the action of the trial court upon a motion for a new trial on the ground that the verdict is against the weight of evidence, a motion, which, as we have heretofore pointed out, is one which the justice presiding at Trial Term is peculiarly fitted to pass upon. Azzara v. Nassau Electric R. R. Co., 134 App. Div. 167, 118 N. Y. Supp. 830. In this case it appears from the record that defendant did not acquiesce in the action of the learned trial justice in reserving decision on his motion for a nonsuit, but excepted thereto, thereby preserving his rights in the only manner available to him.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event.

HIRSCHBERG, P. J., and JENKS and THOMAS, JJ., concur. WOODWARD, J., votes to reinstate the verdict.