### BLYTH v. J. M. QUIMBY & CO.

(Supreme Court, Appellate Division, First Department. February 2, 1912.)

1. APPEAL AND ERROR (§ 1061*)—REVIEW—HARMLESS ERROR—MOTION TO DISMISS—GRANTING AFTER VERDICT.

Where, in a suit to recover damages resulting from the negligence of defendant's servant, plaintiff failed to establish a cause of action, but excepted only to the court's reservation of a ruling on the motion to dismiss at the close of all the evidence, plaintiff was not prejudiced by the subsequent granting of the motion after a general verdict had been returned in his favor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4209; Dec. Dig. § 1061.*]

2. TRIAL (§ 165*)—QUESTIONS FOR JURY—MOTION TO DISMISS—GRANTING ON MERITS.

Where a motion to dismiss at the close of all the evidence was reserved and the case submitted to the jury for a general verdict, it was improper for the court on subsequently granting the motion to sustain the same "on the merits."

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 373, 374; Dec. Dig. § 165.*]

Clarke and Laughlin, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by John W. Blyth against J. M. Quimby & Co. From an order of the Trial Term setting aside a verdict for plaintiff and dismissing the complaint on the merits, he appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Black, Varian & Somers (Warren Bigelow of counsel), for appellant.

Douglass & Minton (Henry B. Corey, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J.    Plaintiff appeals from an order setting aside the verdict in his favor, and dismissing his complaint upon the merits, and from the judgment of dismissal entered thereon.

[1] The action is for damages resulting, as it is alleged, from the negligence of defendant's servant.    At the close of the plaintiff's case, a motion was made to dismiss the complaint, which was denied.    At the close of the whole case, a motion was again made to dismiss the complaint.    Upon this motion the court reserved decision, and the plaintiff excepted.    The case was then sent to the jury, which rendered a verdict in favor of plaintiff.    The court granted defendant's motion under section 999, Code of Civil Procedure, to set aside the verdict, and at the same time granted the motion to dismiss the complaint upon which decision had been reserved.

We are agreed that the plaintiff had failed to make out a case justifying a recovery; that the motion to set aside the verdict was rightly granted, and that the motion to dismiss the complaint should have been granted.    The only question, therefore, as to which there is any doubt is whether or not the court had power to reserve decision on the motion to dismiss, and to grant it after a general verdict had been rendered in favor of plaintiff.    Upon the answer to that question depends the other one, whether or not the case must be sent back for a useless new trial, although we are convinced that plaintiff has failed to show that he has a cause of action.

The question thus presented has been the subject of considerable judicial consideration, although the question of the power of the trial court to so reserve decision upon a motion to dismiss has not been authoritatively determined.    It is conceded, and indeed is expressly provided by section 1187, Code Civil Procedure, that the court may so reserve its decision when a special verdict is taken or specific questions of fact put to the jury, and yet it is contended that where a general verdict is taken, involving the decision of the same questions of fact, such decision cannot be reserved.    In the present case, as in most actions for damages for negligence, three questions of fact were involved, to wit: (1) Was the defendant guilty of negligence?    (2) Was the plaintiff guilty of contributory negligence?    (3) What was the plaintiff's damage?    These three questions were put to the jury by the charge of the trial justice, and they were distinctly instructed that each must be answered in favor of the plaintiff in order to justify a verdict for him.    It certainly seems illogical to hold that, if the justice had put these questions to the jury separately, he might properly reserve decision on the motion for nonsuit, and yet, because he put the questions collectively, he could not so reserve decision.    The purpose of the last three sentences of section 1187, which were added in 1895 by chapter 946 of the Laws of that year, was to prevent, so far as possible, unnecessary new trials.    The theory was that by taking direct answers to specific questions of fact the Appellate Court might direct the entry of the proper judgment, even if required to reverse the judgment at Trial Term.    No doubt the amendment has prevented many unnecessary new trials, although some practical difficulties have been found in carrying it out where the Appellate Court has been asked to reinstate a verdict or to render a different judgment

from that directed at Trial Term. Roosevelt v. Nusbaum, 75 App. Div. 117, 77 N. Y. Supp. 457. The language of the amendment of 1895 to section 1187 does not necessarily require us to hold that the trial justice in the present case exceeded his power in reserving decision upon the motion to dismiss until after a verdict had been rendered, and the Court of Appeals in Bail v. New York, N. H. & H. R. Co., 201 N. Y. 355, 94 N. E. 863 expressly declined to pass upon the power of a justice to do what the trial justice did in this case. In that case the question arose just as it has arisen in this, except that the record showed that neither party objected to the reservation of the motion, and this tacit consent rendered it unnecessary to pass upon the effect of section 1187, and the order dismissing the complaint was affirmed with the modification that the words "on the merits" were stricken out. In Russell v. Rhinehart, 137 App. Div. 843, 122 N. Y. Supp. 539, the practice adopted in the present case is condemned, but the conditions which called out that condemnation were different from those here existing. A motion was made at the close of the case for a nonsuit upon which decision was reserved. A verdict was rendered for plaintiff, which was set aside and the motion to dismiss granted. The Appellate Division was of opinion that the motion should have been denied and the verdict allowed to stand, in that respect differing from our view of the present case. The question the court had to decide was whether the verdict should be reinstated, as plaintiff insisted, or a new trial granted, and what the court said in condemnation of the reservation of a motion to dismiss must be read in connection with plaintiff's application for a reinstatement of the verdict. This question has troubled the courts more than once even where a special verdict has been taken in conceded accordance with section 1187. Hoey v. Met. Street Ry. Co., 70 App. Div. 60, 74 N. Y. Supp. 1113. The case of Russell v. Rhinehart, supra, is further distinguishable from the present because there it was the defendant who excepted to the reservation of the motion to dismiss. Here the only exception to the reservation was taken by plaintiff, and it is he who now objects that the justice exceeded his power. It is difficult to see how plaintiff was aggrieved. As we are all agreed, the motion to dismiss should have been granted when made, and the plaintiff certainly suffered no injury because it was not granted until later. His grievance was with the granting of the motion, not with the particular time at which it was granted, and if, as we consider, the motion was properly granted, the plaintiff can take nothing by his exception to the reservation of the decision until after the verdict. So also if the court, after verdict, had denied the reserved motion for a nonsuit, allowing the defendant an exception, the latter would have been no worse off than it would have been if the motion had been denied when made, for it could still insist on appeal that the motion should have been granted.

[2] The order appealed from must, however, be modified by striking out the words "on the merits" (Bail v. New York, N. H. & H. R. R. Co., supra), and, as modified, affirmed, with costs to respondent.

INGRAHAM, P. J., and MILLER, J., concur.

CLARKE, J. (dissenting). This action was brought to recover damages alleged to have been suffered by the plaintiff by reason of the

negligence of defendant's agent or servant in driving an automobile against him. We are satisfied that the verdict of the jury was properly set aside. The only question is one of practice.

At the close of the evidence, the defendant moved to dismiss the complaint upon the ground that no negligence on the part of the defendant was shown, but that contributory negligence on the part of the plaintiff had been shown. This motion was denied and an exception taken. Defendant also moved to dismiss upon the ground that there was no evidence to show that the injuries were caused by any act of the defendant or of its servants, agents, or employés, and that it was shown that the car was not in the possession or under the control or operated by the defendant or any director, officer, agent, or servant thereof. Decision on this motion was reserved with an exception to the plaintiff. The defendant also objected to the question going to the jury—"my motion was that the court should dismiss the complaint because we were not responsible."

After the jury had returned a verdict for the plaintiff, the defendant moved to set aside the verdict for the reasons specified in section 999 of the Code of Civil Procedure, and upon the further ground that the question of the operation and control of the automobile should not have been submitted to the jury, and renewed the motion to dismiss, "which the court held under advisement upon the grounds then stated." Upon this decision was reserved and plaintiff excepted. Subsequently the court made an order setting aside the verdict and dismissing the complaint upon the merits, and a judgment was thereafter entered providing that the verdict be set aside, and that the complaint be dismissed upon the merits.

Section 1186 of the Code of Civil Procedure provides that:

"A general verdict is one, by which the jury pronounces generally, upon all or any of the issues, in favor either of the plaintiff or of the defendant. A special verdict is one, by which the jury finds the facts only, leaving the court to determine, which party is entitled to judgment thereupon."

Section 1187:

"In an action to recover a sum of money only * * * the jury may render a general or special verdict, in its discretion. * * * When a motion is made to nonsuit the plaintiffs or for the direction of a verdict, the court may, pending the decision of such motion, submit any question of fact raised by the pleadings to the jury or require the jury to assess the damage. After the jury shall have rendered a special verdict upon such submission or shall have assessed the damage, the court may then pass upon the motion to nonsuit or direct such general verdict as either party may be entitled to. On an appeal from the judgment entered upon such nonsuit or general verdict, such special verdict, or general verdict, shall form a part of the record, and the Appellate Division or the Court of Appeals may direct such judgment thereon as either party may be entitled to."

In Hoey v. Metropolitan Street Railway Co., 70 App. Div. 60, 74 N. Y. Supp. 1113, at the close of the case, defendant's counsel moved for the dismissal of the complaint or for the direction of a verdict, and, pending the consideration of such motion, the trial court submitted to the jury certain specified questions of fact with instructions to also render a general verdict. One of the specific questions of fact was: "Did James J. Hoey die September 30, 1900, from hasty

consumption?" This was answered in the affirmative, and a general verdict for $12,500 was rendered for the plaintiff. The jury was discharged, and afterwards the court dismissed the complaint upon the merits, setting aside the general verdict and the answers to all the questions except the one above given. To this ruling plaintiff excepted. Judgment was entered accordingly, from which an appeal was taken. This court said:

"The court had no power to dismiss the complaint upon the merits, nor to set aside the answers of the jury to specific questions of fact submitted to or the verdict rendered by them. It will be observed that the section of the Code referred to provides that, after the jury shall have rendered a special verdict upon such submission or shall have assessed the damages, the court may then pass upon the motion to nonsuit, or direct a general verdict, and on appeal from the judgment entered upon such nonsuit or general verdict such special verdict or general verdict shall form a part of the record, and the Appellate Division may direct such judgment thereon as either party may be entitled to. The trial court, therefore, could, after the rendition of the special verdict by the jury, have adopted either one of two courses. He could nonsuit the plaintiff or direct the jury to render a general verdict. He did not direct a general verdict, nor did he nonsuit the plaintiff, but, instead, directed judgment dismissing the complaint upon the merits. This was clearly erroneous, but, in view of the conclusion at which we have arrived inasmuch as the special verdict is in fact set out in the record, it is of no importance, since this court has power to direct such judgment as either party may be entitled to. The judgment should have been one nonsuiting the plaintiff, instead of dismissing the complaint on the merits."

In Antes v. Watkins, 112 App. Div. 860, 98 N. Y. Supp. 519, after the rendition of the verdict, a motion to dismiss the complaint, decision upon which had been reserved, was granted. Mr. Justice Patterson said:

"It is argued by the appellant that the court had no authority after a general verdict to dismiss the complaint. * * * No exception was taken in the present case to the reservation. Counsel for the plaintiff by neither objecting nor excepting acquiesced in the ruling of the court."

And for that reason held "that an objection to the procedure is not now available to the appellant."

In Russell v. Rhinehart, 137 App. Div. 843, 122 N. Y. Supp. 539, at the close of the case, a motion was made to nonsuit, and also to direct a verdict for defendant. Decision was reserved and the court submitted the case to the jury to find a general verdict. The jury found for plaintiff. Thereafter the verdict was set aside, and the motion to dismiss the complaint was granted, and from the judgment entered thereon plaintiff appealed. Mr. Justice Burr, after referring to the section of the Code cited, said:

"It will be observed that, where the decision of a motion for nonsuit is reserved, the province of the jury is limited to rendering a special verdict or assessing damages. It has no power to render a general verdict. The distinction between a general and a special verdict is pointed out by the preceding section. * * * The case of Levy v. Grove Mills Paper Co., 80 App. Div. 384 [80 N. Y. Supp. 730], was a case where a decision on a motion for a nonsuit was reserved, a general verdict was taken, and thereafter the verdict set aside and the complaint dismissed, and the exceptions ordered to be heard in the first instance by the Appellate Division. The court in that case say that the practice was irregular, but it would appear from the record that the parties acquiesced in the action of the court in reinstating the

verdict and entering judgment thereon. In that case no judgment had been entered, and the whole question might be deemed properly before the Appellate Division in view of the fact that the exceptions were ordered to be heard there in the first instance. * * * The practice of reserving decision upon a motion for a nonsuit, and then taking a general verdict from the jury, is not only unauthorized by the Code, but is in some respects unfair."

In Bail v. New York, N. H. & H. R. R. Co., 201 N. Y. 355, 94 N. E. 863, the action was brought to recover damages resulting from the death of plaintiff's intestate in consequence of the alleged negligence of the defendant. At the close of the case a motion was made to dismiss, and the court reserved its decision, remarking that he would defer passing on the motion and submit the question to the jury, and see what the verdict would be. Neither party made any objection to the reservation of the motion, but proceeded to sum up the case, thereby acquiescing in the court's reserving decision upon the motion. After the jury had returned a verdict for the plaintiff, the court set aside the verdict, granted the motion to dismiss on the ground that there was no evidence showing freedom from contributory negligence. Haight, J., said:

"It is now contended that the jury having rendered a general verdict, the trial court had no power to set the verdict aside and dismiss the complaint; that, in case the court saw fit to set aside the verdict, it was bound to grant a new trial, and could not dismiss the complaint upon the merits. We agree with the contention of the plaintiff's counsel that the court had no power to dismiss the complaint upon the merits, and, in so far as the dismissal upon the merits is concerned, the judgment should be modified by striking therefrom the words 'on the merits.' We are of the opinion, however, that the court did have the power to set aside the verdict and grant the motion for a nonsuit, for the reason that the deferring of the motion was acquiesced in by the counsel upon both sides. It is quite true that the right to move for a nonsuit does not exist after verdict, but when the motion was made before the verdict and the decision thereof expressly reserved by the court, with the consent of the parties, until after the verdict, the court may then, notwithstanding the verdict, render its decision upon the motion, and cause judgment to be entered thereon. This has been the practice of the courts of this state for many years [citing cases]. In view, therefore, of the fact that the parties are deemed to have acquiesced in and consented to the reservation of decision of the defendant's motion for a nonsuit until after the verdict, it becomes unimportant to determine whether section 1187 of the Code of Civil Procedure applies to this case. If it does apply, then the trial judge had the power to reserve decision until after the verdict, even though the parties objected thereto, but, if the provisions of that section only apply to special verdicts and not to general verdicts, then the provisions with reference to special verdicts have no application in this case, and did not change the practice as it theretofore existed with reference to general verdicts."

In the case at bar there is no question but that a general verdict was returned, and that every question in the case had been sent to the jury for its consideration, and by no possibility can their verdict in favor of the plaintiff for the sum of $1,000 be deemed to be a special verdict.

It seems to me that the latest decision of the Court of Appeals establishes the practice in two respects: First that, if both parties acquiesce in the reservation, a nonsuit may be granted after the verdict, but not upon the merits; second, that, if the parties did not acquiesce, there is no power in the court to dismiss the complaint, but a new trial must be ordered.

The order appealed from should be modified by striking out so much thereof as directed the entry of a judgment dismissing the complaint upon the merits, should provide for the granting of a new trial, and as so modified affirmed, and the judgment should be vacated, without costs to either party.

LAUGHLIN, J., concurs.