## WRIGHT v. WALL.

(Supreme Court, Appellate Term, First Department.   March 13, 1916.)

TRIAL ☞162—DISMISSAL—TIME FOR MOTION.

Though the judge did not reserve decision on motions to dismiss at the close of plaintiff's case and at the close of the entire case, and did not submit any specific questions of fact to the jury, as authorized by Code Civ. Proc. § 1187, it was not error, on motion to set aside the verdict for plaintiff to dismiss the complaint without granting new trial, but such dismissal could not be on the merits.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 370; Dec. Dig. ☞162.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Harry S. Wright against Arthur W. Wall. From a judgment setting aside a verdict for plaintiff and dismissing the complaint, and from an order denying a motion by plaintiff to amend the judgment by stating therein that defendant is subject to arrest and imprisonment and liable to execution against his person, plaintiff appeals. Order setting aside verdict and dismissing the complaint affirmed, and appeal from order denying motion to amend judgment dismissed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Safford A. Crummey, of New York City, for appellant.
Harold S. Fleischer, of New York City, for respondent.

WEEKS, J. This is an action to recover damages for the conversion of a stationary steam engine and hoist of which plaintiff claims to be the owner.

On December 14, 1914, the defendant made a contract to furnish for $9,500 the labor and materials for the mason work of a building for the construction of which the plaintiff was the general contractor. Being unable to rent a boiler and hoist which it was necessary for him to use in the performance of his contract, defendant told plaintiff that it would be necessary to purchase one, and that one could be bought for $500, and when the work was completed it could be returned and $300 obtained therefor, the difference being the equivalent of rental.

On December 21, 1914, plaintiff gave his check for $500 to defendant and charged the same against defendant as a payment on account of the contract. Defendant cashed the check and paid that amount for the hoisting engine and boiler, and took a receipt therefor in his own name and thereafter in his name as owner, procured from the department of water supply and the police department the necessary permits for its use. After the purchase some question arose as to defendant's ability to complete his contract for the agreed price, but the work was finally completed in March, 1915; payments being made by plaintiff to defendant from time to time, aggregating an amount in excess of the contract price.

The plaintiff testified that all of these payments were charged against defendant's account and included the $500 check, the cost of permits and the expenses of cartage of the boiler and repairs thereto. After the completion of the work the engine and hoist were removed from the job, plaintiff on April 10, 1915, paying to defendant the cost of such removal, which was also charged against defendant's account.

On May 5, 1915, plaintiff wrote defendant demanding possession of the boiler or the payment of $300. The defendant sold the same and retained the proceeds, and plaintiff brought this action, claiming that the purchase was made by defendant for him as his agent, and that the boiler was at all times his property. There was practically no proof of the value of the boiler at the time of the alleged conversion, as the witness called by plaintiff testified that he had not examined it and did not know its condition, or whether it was new or old, but that it

might be worth from $25 to $325. The plaintiff testified that defendant told him that when the boiler was returned plaintiff was to get $300 back, and also that before the boiler was taken away defendant said: "I have got it sold, and got your $300 for you." Defendant denied making either of these statements.

Defendant's motions for a dismissal of the complaint, made at the close of plaintiff's case and again at the close of the entire case, were denied, and exceptions taken, and the case was submitted to the jury, which returned a general verdict in favor of plaintiff for $200. A motion to set aside the verdict and for a new trial was made by defendant, and, upon the ground that "the relationship between the parties was, at most, but that of debtor and creditor," and "that the plaintiff proved no cause of action," and could not recover in an action for conversion, the court granted the motion, and set aside the verdict, and dismissed the complaint.

It is now urged that, even if the court was justified in setting aside the verdict, a new trial should have been ordered, as the court had no power to dismiss the complaint, because decision had not been reserved on either of the motions made for that purpose and the court had not submitted any specific questions of fact to the jury in accordance with the provisions of section 1187 of the Code of Civil Procedure, but had received a general verdict, and plaintiff had never consented to or acquiesced in any reconsideration of those motions.

The question thus presented does not seem to have been authoritatively determined, although somewhat similar conditions have been the subject of judicial consideration in various forms, and it is clear that such dismissal cannot be *upon the merits*. All the leading cases upon the question are referred to and discussed in the prevailing and dissenting opinions in Blyth v. Quinby & Co., 148 App. Div. 871, 133 N. Y. Supp. 602; except Caspers v. Dry Dock, E. B. & B. R. R. Co., 22 App. Div. 156, 47 N. Y. Supp. 961, and Glennon v. Erie R. R. Co., 86 App. Div. 397, 83 N. Y. Supp. 875, affirmed without opinion 180 N. Y. 562, 73 N. E. 1124. In the Caspers Case the trial judge had reserved decision on the motion to nonsuit over *defendant's* objection and exception, and specific questions were submitted under section 1187 of the Code of Civil Procedure. In the Glennon Case the motion for nonsuit was denied, and specific questions were submitted to the jury, but a *general* verdict was also rendered.

In Hoey v. Metropolitan Street Ry. Co., 70 App. Div. 60, 74 N. Y. Supp. 1113, specific questions had been submitted to the jury, and it was held that a nonsuit was proper, but that the complaint should not have been dismissed *on the merits*. In Russell v. Rhinehart, 137 App. Div. 843, 122 N. Y. Supp. 539, and Burns v. N. Y. & L. I. Traction Co., 139 App. Div. 146, 123 N. Y. Supp. 474 (Second Department), it was stated that the practice of reserving decision upon a motion for a nonsuit and then taking a general verdict was unauthorized by the Code, but in Blyth v. Quinby Co. (First Department) supra, it was held by a divided court that the court *had power to reserve decision* on the motion to dismiss, and to grant it after a general verdict, while recognizing that the Court of Appeals in Bail v. N. Y., N.

H. & H. R. R. Co., 201 N. Y. 355, 94 N. E. 863, expressly declined to pass upon the power of the court to do so.

I have been unable to find, however, any case in which the right to nonsuit after a general verdict has been upheld, where decision on the motion to dismiss was not reserved. There are, however, dicta to that effect in some of the cases. In Glennon v. Erie R. R. Co., supra, cited in Bail v. N. Y., N. H. & H. R. R. Co., supra, the general rule is stated as follows:

"If the case should have been submitted to the jury, the court was in error in dismissing the complaint. * * * McDonald v. Metropolitan Street R. Co., 167 N. Y. 66, 60 N. E. 282. The court was certainly justified in setting aside the verdict because in any view it must be conceded that the preponderance of evidence is in the defendant's favor upon the question of its negligence. If there is no evidence in plaintiff's favor upon that question, however, I think the court was at liberty to dismiss the complaint, notwithstanding the previous submission of the case to the jury. What should have been done at the close of the evidence could be done at any time while the case remained within the jurisdiction and control of the trial court."

And in a concurring opinion in Antes v. Watkins, 112 App. Div. 860, 866, 98 N. Y. Supp. 519, 523, Mr. Justice Ingraham says:

"But if the motion for a nonsuit has been denied, and the case submitted to the jury, who had found a general verdict for the plaintiff, if there was no evidence in plaintiff's favor which justified the verdict, the court was at liberty to dismiss the complaint, notwithstanding the previous submission of the case to the jury."

As said in the Blyth Case, where the exception to the reservation was taken by the plaintiff:

"It is difficult to see how plaintiff was aggrieved. As we are all agreed, the motion * * * should have been granted when made, and the plaintiff certainly suffered no injury because it was not granted until later."

An examination of the record satisfies me that there was no evidence that would justify a jury in finding that the ownership of the boiler was in the plaintiff, and the determination of the court below was therefore correct; and as the evidence offered by plaintiff, which was excluded, would not change the conclusion, based upon his own testimony, that he had no cause of action for conversion, there would seem to be no reason for sending the case back for a useless new trial, especially as appellate courts now have the right to direct such judgment as either party may be entitled to, and are required to give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties.

The order setting aside the verdict and dismissing the complaint, and the judgment entered thereon, should therefore be affirmed, with $25 costs, and the appeal from the order denying plaintiff's motion to amend the prior judgment is therefore academic, and should be dismissed, without costs. All concur.