FERDINAND J. BAAS and ADOLPH W. VOGT, as Copartners, Composing the Firm of Baas & Vogt, Plaintiffs, *v.* JULIA CURTISS LAWRENCE, Defendant.

(City Court of the City of New York, Special Term, January, 1917.)

Costs — taxation of — allowance of, in application for judgment on special verdict — trial — evidence — Code Civ. Pro. § 3251.

> The effect of reserving decision upon a motion to dismiss the complaint at the close of plaintiffs' case, renewed at the conclusion of the evidence and submitting specific questions of fact to the jury, is to call for a special verdict, and plaintiffs on entering judgment upon a verdict directed in their favor are entitled, under section 3251 of the Code of Civil Procedure, to tax the costs allowed to either party on an application for judgment on a special verdict.

MOTION by defendant for a retaxation of costs.

Wallace A. Kroyer (Ralph Barnett, of counsel), for plaintiffs.

Benjamin R. Buffett, for defendant.

O'DWYER, Ch. J.   Section 1186 of the Code of Civil Procedure defines a general and a special verdict as follows: "A general verdict is one, by which the jury pronounces, generally, upon all or any of the issues, in favor either of the plaintiff or of the defendant. A special verdict is one, by which the jury finds the facts only, leaving the court to determine, which party is entitled to judgment thereupon." Section 1187 provides: " When a motion is made to nonsuit the plaintiffs or for the direction of a verdict, the court may, pending the decision of such motion, submit any question of fact raised by the pleadings to the jury or

require the jury to assess the damage. After the jury shall have rendered a special verdict upon such submission or shall have assessed the damage, the court may then pass upon the motion to nonsuit or direct such general verdict as either party may be entitled to." The defendant having moved for the dismissal of the complaint at the close of the plaintiff's case, and again at the conclusion of the evidence, the court reserved its decision thereon and followed the practice indicated in the above quoted provision of the Code, and, in so doing, submitted to the jury certain questions of fact, stated in writing, reserving the right, upon the coming in of the verdict thereon, to direct a verdict in favor of the plaintiffs or defendant as the case might require. Having denied the motions to dismiss the complaint or direct a verdict in defendant's favor, and having directed a verdict in favor of the plaintiffs, the plaintiffs, upon the taxation of costs, have had taxed in their favor, under subdivision 3, section 3251 of the Code of Civil Procedure, the costs allowed to either party on an application for judgment upon a special verdict, and the defendant appeals therefrom and now moves for an amendment of the clerk's minutes by striking therefrom the words " special verdict " and for the disallowance of the items of twenty dollars and forty dollars, taxed for application for judgment on special verdict before argument and for argument. The effect of reserving decision upon defendant's motion to dismiss the plaintiffs' complaint and submitting the specific questions of fact in the case to the jury for determination was to call for a special verdict from the jury thereon, and for the proceedings had subsequently to the rendition of that special verdict the plaintiffs became entitled to tax the costs in question. The clerk's minutes correctly

describe the verdict as a special verdict (*Russell* v. *Rheinhart*, 137 App. Div. 843), and the allowance of. the disputed costs must be sustained. *Walsh* v. *Bowery Sav. Bank*, 9 Civ. Pro. 177; *Matter of Owens*, 31 Abb. N. C. 480. Motion denied, without costs, and the issuance of the execution herein will, as requested by the defendant, be stayed until the 10th day of January, 1917.

Motion denied.