## NEW-YORK COMMON PLEAS.

DOWNING, Survivor, &c., Appellant, agt. MANN AND OTHERS, Respondents.

In an action against two or more defendants upon a contract made by, or in behalf of a firm or association, if one of the defendants makes default and others appear and deny their liability, it is sufficient, on the trial, for the plaintiff to prove that the contract was made by the firm or association, and that the defendants who appeared are members thereof; and it is not necessary for the plaintiff to prove that the defaulting defendant is also a member.

*General Term, April,* 1854. The material facts out of which this case arose are as follows : The action was to recover for the price of a supper provided by the plaintiff at the request of the defendants, for the " Morgan & Webb Association," of which the defendants were alleged to be members. Some of the defendants, among whom was one named Martin, suffered judgment to be entered against them by default. On the trial, the jury found a verdict for the plaintiff. Afterward, one of the defendants, (Levy,) applied for and obtained a new trial. On the second trial, the defendant, Levy, moved for a non-suit on the ground that the plaintiff had not proved a joint liability of *all* the defendants. The presiding judge, DALY, refused the non-suit, and instructed the jury that if the plaintiff had proved a joint liability of all the defendants, they should find for him, otherwise not. The jury found for the plaintiff. The defendant, Levy, then applied for, and obtained an order at special term for a third trial. This order was predicated on the assumption that as to the defendant, Martin, who had suffered judgment by default, there was no evidence to show him jointly liable with the other defendants, and that the plaintiff was bound to prove a joint liability of *all* the defendants, or fail; and that the motion for a non-suit was improperly refused. From this order the plaintiff appealed to the general term.

H. KETCHUM, TOWNSHEND, & DIOSSY, *for Plaintiff.*
MR. MORRISON, *for Defendants.*

Downing agt. Mann and others.

Woodruff, Judge. In this case, the jury have found that the defendants jointly undertook to pay the plaintiff for the supper provided by him for the "Morgan and Webb Association," or that they authorized or sanctioned a contract on their behalf to that effect.

A motion for a non-suit was made on the trial, and as no special ground was assigned, it must be deemed to have been urged upon the general objection that the plaintiff had not made out a *prima facie* case. The motion being denied, the jury under a charge which seems to have been satisfactory to all parties, (and which we must therefore assume contained all proper directions respecting the law governing the liability of the defendants as joint contractors,) have found that the defendants did jointly contract with the plaintiff.

The defendant, Levy, moved for a new trial; and it is from the order granting a new trial that the plaintiff appeals. The motion for a new trial is not properly a renewal of the motion for a non-suit. The right to move for a non-suit never exists after verdict, except when *leave is expressly reserved* on the trial to renew the motion without being prejudiced by the verdict. Giving leave at the trial to move for a non-suit, notwithstanding any verdict which may be rendered, is not unusual in the English practice, and I have known it done in this state. Taking a verdict subject to the opinion of the court upon the law is here a more common practice. But where the proceedings are of an adversary character throughout, and the question is one of fact, the verdict of the jury on the facts disposes of the motion for a non-suit *as such*, and there being no violation of any rule of law, the only question remaining is this, is the verdict so far against the weight of the evidence, or so entirely unsupported by evidence, that it ought to be set aside by the court *upon that ground ?* The counsel for the defendants raises one question in regard to the admissibility of evidence, but with that exception, the single inquiry is, have the jury found that the defendants are joint contractors upon evidence wholly insufficient to charge them as such under the rules of law which apply to that subject? It appears by the evidence of G. W. Dur-

yea, that he obtained the names of a number of persons as a committee of arrangements for getting up a ball, and issued a circular under the name of "The Morgan and Webb Association," containing the names of the assumed members. The names of all the defendants were upon that circular, and all were placed there by their express permission except that of the defendant Levy.

With this circular the witness, Duryea, went to the plaintiff, and for, and on behalf of the "Morgan and Webb Association," contracted for the supper and gave him the circular containing the names of the associates. So far, nothing appeared to charge the defendant Levy; but evidence was further given by the plaintiffs that after the order for the supper was given, on being shown the circular with his name thereon as one of the association, and the agreement made by Duryea in behalf of the rest, he distinctly affirmed the contract, and directed the plaintiff to go on and get up the supper, &c.

No doubt there was in what transpired at the trial some, and it seems too great, reason to doubt the evidence of such affirmance; but the jury were the proper judges of the credibility of the witnesses: and as to Levy there can be no doubt the verdict should stand, if no rule of law was violated to his prejudice.

It is argued that as this affirmance by Levy was after the contract was made by Duryea, it is to be regarded as a separate promise, and not a promise made jointly with the other defendants. If this argument were well founded, I should hesitate long before I would set aside a verdict, otherwise correct, on the ground that the two or more promisors promised severally and not jointly, where their liability, as among themselves, was not altered by the form of the recovery, especially under a system where *several promisors* can be proceeded against in one action, and a joint judgment recovered, as well as where they promise jointly. Under such a system of practice and pleading, that objection would not rest simply on the ground of variance—such a variance might be either disregarded or amended.

But there is no just foundation for the argument. Duryea had

put Levy's name on the circular without having seen *him ;* but "by permission of Baker and Coutant." It is important to know whether (although Duryea had not seen him) they did not direct it with *his* assent; and when the plaintiff showed him the circular and the agreement, he expressly sanctions the use that had been made of his name, and affirms the agreement. It is not true that he, Levy, made a new agreement; he made no separate agreement under the statute of frauds or otherwise, to pay or to be liable for the debt of other persons. The jury (if they believed the plaintiff's witnesses) were warranted in finding, by just inference from what Levy said to the plaintiff, that Baker and Coutant had authority from him to put his name on the circular, and that he sanctioned it, and also that he recognized the act of Duryea in ordering the supper, as within the scope of his authority.

So far, then, as the defendant Levy is concerned, the verdict was not so against evidence or without evidence that we can disturb it on that ground.

As respects the other defendants, *except Martin,* the case stands thus, they had associated for the purpose of giving a ball, a committee of arrangements, on their behalf, order a supper—a common, though not a universal accompaniment of such a ball. The ball was held, the supper furnished, and the defendants attended, in pursuance of the original design. The manner in which Duryea testifies the affair was gotten up, shows, I think, that the details were left to his discretion. He obtained their assent to act as a committee of arrangements to get up a ball for pleasure, and " do other things usual for a ball," and they attended, and by their presence and concurrence approved what he had done, or, at least, placed themselves in a situation that the jury might reasonably infer their sanction.

The defendant Levy, however, insists that the judge on the trial erred in excluding evidence that Levy expressed to the committe his unwillingness to act as a member of the committee.

There was in this no error; what he may have said to the

committee could not affect the plaintiff *after* what had passed between him and Levy, and if the communication was *before* his *interview* with the plaintiff, then it could not affect his liability, because he then sanctioned the use which had been made of his name.

But there is another reason why the ruling was correct. It was not claimed nor had the plaintiff given any evidence that Levy was on the *committee*. Duryea says distinctly, that he was *not*. The agreement was not made by Duryea on behalf of the *committee* only; but the "Morgan and Webb Association," whose names appeared on the circular left by him with the plaintiff, and among them that of Levy. It was, therefore, quite immaterial whether Levy was a *committee-man* or not, *or* whether he refused to act as a *member* of the *committee* or not. The question before the jury was, whether the evidence showed that Levy was a member of the *association* in whose name the supper was ordered, and whose names appeared upon the circular.

I have deemed it proper to review the case as exhibited upon the trial as against the defendants who appeared and defended in this respect, following the course pursued by counsel on the argument, for the purpose of seeing whether any of the defendants, other than *Martin*, who suffered judgment by default, have any grounds upon the merits, or upon the law governing their *respective* liability to the plaintiff, to ask a new trial; and my conclusion is, that they have none.

That although circumstances transpired at the trial warranting a suspicion that perjury was committed by one of the plaintiff's witnesses, and some apprehension of misconduct on the part of the defendant, yet there is no ground upon which we can properly interfere with the verdict, unless it be upon what is as to them a purely technical objection, viz.: *that Martin ought not to have been made a defendant.*

This objection is strenuously insisted upon by the counsel for the defendant Levy, and it would seem to have been deemed an important, if not the decisive reason, at the special term, for granting a new trial.

The objection is stated thus, although the defendant Martin suffered a default, the plaintiff was nevertheless bound to prove not only that Levy and the other defendants became bound to the plaintiff for the supper in question, but that they became bound *jointly* with *Martin* therefor, and, therefore, that the plaintiff having failed to prove on the trial that Martin became jointly with them responsible for the supper, must fail in his action, although he may have shown to the satisfaction of the jury that all of the defendants who appeared and defended are liable.

In respect to the proof of Martin's liability, I am inclined to concur with the opinion of the judge by whom the order appealed from was made, viz. : that it was not sufficient, and yet not entirely without hesitation. The manner in which he lent his name to the defendant, Duryea, who acted for the others in the matter, carries with it a presumption that he designed to authorize him to use it for the purposes of the ball; nevertheless, as Martin is not shown to have done anything more, or to have known what was done by the others, nor by attendance, or otherwise, to have sanctioned it, he could not, I think, if his liability depended upon the proofs given on the trial, be held liable for the *supper* of which he is not shown to have had any knowledge. But by his default he has admitted his own liability, and it is conceded that he asks no relief. It is his co-defendants that now object to being included with him in the judgment.

Conceding the correctness of the principle that the plaintiff, notwithstanding the default of Martin, was bound to show a joint liability as against the defendants who did appear, I cannot forbear the observation, that we have made small advance in the promotion of simple and speedy justice by dispensing with technicalities and aiming at the substantial merits of a controversy, if we are compelled to send these parties back to another long and expensive trial to correct this error.

Notwithstanding this suggestion, I have no doubt of the correctness of the rule, and if when rightly understood and applied to this case, it appears that the plaintiff failed to es-

14

tablish such joint liability, the order must be affirmed, and a new trial be had.

It may be true that the 173d section of the Code gives the court power to correct the error by striking out the name of the party who appears to have been improperly joined, and conforming the allegations to the facts proved in this respect, and that this would not conflict with cases cited to show that under § 274 there cannot be judgment for a plaintiff against one of two defendants alleged to be jointly liable, because an allowance of an amendment would obviate that very difficulty; but such a power should be exercised with great caution, and for reasons forcibly stated by Justice ALLEN in Fullerton agt. Taylor (6 *How. P. R.* 261.) It should, if at all, be exercised upon such terms as would certainly and abundantly protect the rights of the defendants, and if there is the slightest reason to suspect that the verdict was obtained by any unfair means, (although the evidence on that subject be not such as would warrant our setting it aside for that cause,) we would make a new trial the condition upon which an amendment was allowed.

But I apprehend that it is an entire mistake to suppose that the rule referred to reaches this case. I concede that where a plaintiff declares against two or more defendants upon a joint contract, and one of them denies such joint contract, the plaintiff must establish such joint contract or fail, and although the other defendant makes default, and so admits his own liability upon the contract as alleged, the plaintiff must, nevertheless, *as against the defendant who appears*, prove that he is a party to the joint contract. But this is the whole extent of the rule, and this is all that can be inferred from the cases to which we are referred. (See Elliott agt. Morgan, 7 *Carr. and Payn*, 334; Robertson agt. Granderton, *vol.* 9, *ib.* 476.)

It is not enough for the plaintiff to show on the trial a several contract by the defendant who appears; this would be a variance from the plaintiff's declaration or complaint.

But where the contract is made by or on the behalf of a *firm* or an *association*, and the liability of the firm or association is proved, it is enough for the plaintiff to show that the persons

who appear and defend are members of such firm or association, and so are *jointly* liable with the other defendants whose membership is admitted, the joint contract is made out by such proof, so far as the defendants who appear are concerned.

Upon such proof, the case as against the defendants who appear, stands thus: An association or firm are liable for the debt. The defaulting defendants are members, and jointly liable, by their own admission, with all others who are shown to be members.

The plaintiff proves, as against the defendants who appear, that they also are members, and. if so, that they are jointly liable.

The case of Halladay agt. McDougall, (22 *Wend.* 264,) shows the true limitation of the rule above referred to, viz., that although one of the defendants makes a default, it will not be sufficient for the plaintiff to prove on the trial a several liability of the defendant who appears, but it is enough for the plaintiff, *assuming that the defaulting defendant is according to his own admission jointly liable*, to show that the other defendants are jointly liable with him. It was therefore held, in that case, that in an action against three defendants sought to be charged as partners, where only one is brought into court, and the others are returned not found, it is sufficient to entitle the plaintiff to recover, that he show that the *defendant brought in is a member of the firm* upon whose contract the action is founded, and it is not necessary in such case to prove that the other defendants were members of the firm. Where some of the defendants, though served, admit by their default their joint liability, the case is still stronger, and so the rule is stated in this latter case by the chancellor in his opinion, and see the cases therein cited.

This view of the subject seems to me conclusive on this appeal. The defendant, Levy, is liable, if at all, as a member of the "Morgan and Webb Association," and the jury have found him liable as such member. That association was liable for the supper in question, and as to the defendants appearing, it was, as settled in the case last cited, enough to show their

membership without proving that Martin (who had admitted the fact as far as he was concerned) was also a member with them.

If there is anything in the pleadings of the case which renders this view of it inappropriate, they not having been made a part of the case herein, nor submitted to the court on the argument, I am not able to discover it, and I assume that if there was, counsel would have brought it to our notice. My conclusion is, that the order appealed from must be reversed, and a new trial denied, with costs.