CHARLES S. FAULKNER, Respondent, *v.* JOHN M. CORNELL, Appellant.

*Motion to dismiss the complaint at the close of plaintiff's case — if not renewed at the close of the evidence it is waived — such waiver does not prevent a claim that the verdict is against the evidence.*

Where, upon a jury trial, the defendant, at the close of the plaintiff's case, moves for a dismissal of the complaint on the ground that the plaintiff has failed to establish a fact essential to his recovery, and takes an exception to the denial of the motion, but neglects to renew the motion at the close of the evidence or to request the court to direct a verdict in his favor, or to take any exception to the charge upon which the court submitted the case to the jury, he will be deemed to have waived his exception to the denial of his motion for a nonsuit and to have conceded that the case was properly submitted to the jury.

He does not, however, in the event of the jury's rendering a verdict for the plaintiff, waive his right to contend that such verdict was against the weight of evidence or was unsupported by the evidence.

APPEAL by the defendant, John M. Cornell, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of April, 1902, upon the verdict of a jury, and also from an order entered in said clerk's office on the 25th day of April, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Lemuel Skidmore,* for the appellant

*Thomas A. Stoddart,* for the respondent.

APP. DIV.—VOL. LXXX     11

LAUGHLIN, J. :

The action is brought to recover a commission of one per cent, aggregating the sum of $1,250, for procuring a loan of $125,000 upon the defendant's bond and mortgage upon real estate owned by him. On the 14th day of May, 1902, the defendant obtained a loan from the Brooklyn Savings Bank of $125,000 at four and one-half per cent. It is upon this transaction that plaintiff claims a commission. At the close of the plaintiff's case counsel for the defendant moved for a dismissal of the complaint on the ground that the plaintiff failed to show that he was authorized to procure the loan. The motion was denied and counsel for the defendant excepted. The motion was not renewed at the close of the evidence, nor did the defendant request the court to direct a verdict in his favor. There was no exception to the charge, and the jury rendered a verdict in favor of the plaintiff for the full amount of his claim. The appellant, by failing to move for a dismissal of the complaint or direction of a verdict at the close of the evidence, waived his exception to the denial of his motion for a nonsuit and conceded that there was a question of fact to be determined by the jury. (*Hopkins* v. *Clark*, 158 N. Y. 299.) One of the grounds of the motion for a new trial was, however, that the verdict is against the weight of the evidence, and since, under the rule in *McDonald* v. *Met. St. Ry. Co.* (167 N. Y. 66), if there was any conflict in the evidence the court could not direct a verdict for the defendant upon the theory than an adverse verdict would be set aside as against the weight of the evidence, it is clear that appellant, by conceding that there was a question of fact, did not waive his right to contend that the verdict if rendered in favor of the plaintiff would be against the weight of the evidence. The verdict of the jury, if not against the evidence and wholly unsupported thereby, is clearly against the weight of the evidence. The evidence on the part of the plaintiff showed that he was employed by the defendant to procure a loan of $150,000 at four per cent; that through another broker with whom he was associated he applied to the Brooklyn Savings Bank where the application was considered, and declined with the suggestion that the bank would consider an application for a loan on the same property of $125,000 at four and a half per cent; that this information was communicated to the defendant, and at his

suggestion to his attorney who declined to act on the suggestion. The plaintiff left with the attorney for the defendant the letter from the bank declining the application and offering to consider an application for a loan of a smaller amount, and the jury evidently drew the inference, which, we think, was not unwarranted, that, acting on this information, an application was subsequently made by the defendant to the same bank through another agent and the loan procured and made. The plaintiff alleges that he was employed to and did procure this particular loan, but that the defendant refused to accept it from him and afterwards obtained it on the acceptance procured by the plaintiff; and the recovery must be sustained on that theory or not at all. A finding of bad faith on the part of the defendant in first rejecting and subsequently utilizing the information acquired and furnished by the plaintiff could not be sustained. At the time the bank denied the application for a loan of $150,000 the defendant was anxious to procure a loan in that amount and it was important that he should do so if possible, for the object of the loan was to pay off a mortgage of $150,000 on the same property which was due and being pressed for payment. He subsequently endeavored to obtain a loan for this amount, but was finally obliged to take what he could get. He then, at most, made use of the information communicated to him by the plaintiff in negotiating the loan that was finally made. It may well be that the defendant would not have employed the plaintiff or have been willing to pay him a commission in procuring a loan for $125,000 at four and a half per cent. The express evidence is all to the effect that the agent through whom the loan was finally effected had no knowledge of the previous application of the plaintiff to the bank or of its having considered any proposition for a loan on the property, but, as has been observed, the circumstances were peculiar and the inference has evidently been drawn by the jury that the information obtained by the plaintiff was used by the defendant. If so, the conduct of the defendant in employing another broker rather than the plaintiff to make the application for a loan in the amount which the bank suggested to the plaintiff that it would consider is not commendable; but, as has been stated, this does not authorize a recovery of commissions on a loan which the plaintiff was not employed to negotiate and in fact did not procure. The

bank merely offered to him to entertain an application and did not determine to make the loan until the subsequent application was made to it by another agent.

We have not overlooked the fact that the plaintiff testified that the defendant at the time of the original employment said in substance that if the plaintiff could not procure a loan for $150,000 to get $140,000 or $135,000 or even less and he would make up the difference necessary to pay off the mortgage. This testimony is contradicted by the testimony of the defendant and is in conflict with the testimony of Paretzwelder, a broker who accompanied the plaintiff at the time of his second interview with the defendant, and with other testimony given by the plaintiff himself, and the verdict cannot be sustained upon it.

It follows, therefore, that the judgment and order should be reversed upon the ground that the verdict is against the weight of the evidence and a new trial granted, with costs to appellant to abide the event.

Van Brunt, P. J., O'Brien, McLaughlin and Hatch, JJ., concurred.

Judgment and order reversed, new trial granted, costs to appellant to abide event.