conclusion is irresistible that he must have knowledge of, and can testify to, many of the transactions set forth in detail in the complaint, and a perusal of the complaint, in connection with the recital of his intimate connection with the defendant corporations, is quite sufficient to satisfy the court, in the absence of any denial of knowledge, that his testimony will be material, and that he has knowledge of the facts, or some of them, which the plaintiffs wish to prove.

The respondent criticises the affidavit because, as it is said, it states only conclusions, and not facts. Certainly Greene's connection with and relations to the various companies are stated as facts, and it is from these connections and relations that we are entitled to draw the inference as to his knowledge. If the point of the criticism is that the affiant does not state the evidence tending to prove the facts, the answer is that this is not required.

Our conclusion is that the order for examination was properly granted, and the order vacating it must be reversed, with $10 costs and disbursements, and the motion to vacate denied, with $10 costs. All concur.

---

(118 App. Div. 853)

### GRANT et al. v. GREENE CONSOL. COPPER CO. et al.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

1. DISCOVERY—EXAMINATION BEFORE TRIAL—GROUNDS.

A plaintiff is not entitled to examine before trial the officers of a defendant corporation, for the purpose of finding out on whom he can serve a summons, in order to bring another defendant into the jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, §§ 49–51.]

2. MOTIONS—DETERMINATION—CONCLUSIVENESS.

The refusal, on an ex parte application, to vacate an order for the examination of persons before trial, is an ex parte order, and not a bar to a formal motion on proper notice, though at the request of the justice hearing the ex parte application the attorney of the adverse party was notified of the hearing and was given permission to submit his views.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Motions, § 88.]

Appeal from Special Term, New York County.

Action by James A. Grant and another against the Greene Consolidated Copper Company and others. From an order denying a motion to vacate an order for examination of directors of defendant the Greene Consolidated Copper Company, it appeals. Reversed, and motion to vacate granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

M. E. Harby, for appellant.
Walter B. Raymond, for respondent.

SCOTT, J. This is an appeal denying a motion, upon notice, to vacate an order for the examination of the officers of the Greene Consolidated Copper Company "concerning the names and addresses of the officers and directors of the Cobre Grande Copper Company," a codefendant.

The affidavit sets forth: First, that the persons to be examined were officers of the Greene Consolidated Copper Company; second, that a majority of the stock of the Cobre Grande Company is owned by the defendants, and that company is controlled by said defendants; third, that plaintiff has been unable to ascertain the name of any officer of the Cobre Grande Company upon whom process can be served, and the Greene Consolidated Copper Company has refused any information; fourth, that the testimony of the persons mentioned in the order is material and necessary to plaintiff, in order that she may ascertain the names of the officers of the Cobre Grande Company upon whom service of a summons in this action may be made. In short, plaintiff desires to examine the officers of one defendant, not for use upon the trial, nor to prove any allegation of the complaint, but to find out upon whom she can serve a summons, in order to bring another defendant into jurisdiction. We are aware of no provision of statute, and are referred to none, authorizing an examination for that purpose; and it was distinctly held in Dudley v. N. Y. Filter Mfg. Co., 80 App. Div. 164, 80 N. Y. Supp. 529, that such an examination could not be held merely to enable a party to prepare for trial, but only when it fairly appears that it is the intention of the party to use the examination upon the trial. Here the contrary distinctly appears.

There is no force in the suggestion that the refusal of the justice who made the order for examination to vacate it ex parte was a bar to this motion made on notice. It is true that when appellants applied ex parte for the vacation of the order to the justice who granted it, they were instructed by him to invite the respondent's attorney to submit his views, and, as courtesy required, they did informally inform their opponents that such ex parte application was pending and would be considered by the justice at a certain time. This did not suffice, however, to turn the motion into one made on notice. The application remained none the less an ex parte one, and the order denying the application, whatever its form, can only be regarded as an ex parte order, not conclusive upon the appellant as a bar to a formal motion to the court upon proper notice.

The order must be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs. All concur.

---

(118 App. Div. 697)

PRINCE LINE, Limited, v. JOHN C. SEAGER CO.

(Supreme Court, Appellate Division. First Department. April 5, 1907.)

EQUITY—REFERENCE—ACCOUNT—HEARING AND INTERLOCUTORY DECREE.

Appeal from Special Term, New York County.