This action was brought to recover damages resulting from the death of plaintiff's intestate in consequence of the alleged negligence of the defendant.
Upon the trial, at the end of the plaintiff's case, the defendant's counsel moved for a dismissal of the complaint upon the ground that there was no proof of any negligence on the part of the defendant and that there was no proof of freedom from contributory negligence on the part of the plaintiff's intestate. This motion was denied and an exception taken. Thereupon the defendant put in its evidence and at the close thereof the defendant's counsel again renewed his motion and asked for a dismissal of the complaint upon the same grounds as before stated. A discussion then took place between the attorneys as to the position of the gates at the railroad crossing at the time of the accident, after which the judge remarked that he would defer passing on the motion and submit the question to the jury and see what the verdict would be. Neither party made any objection to the reservation of the motion but proceeded to sum up the case, thereby acquiescing in the court's reserving its decision upon the motion. Subsequently the jury rendered a verdict in favor of the plaintiff, and thereupon the defendant's counsel requested the court to set aside the verdict and to pass on the motion reserved at the end of the case. The court then set aside the verdict and granted the motion of the defendant's counsel to dismiss the complaint on the ground that there was no evidence showing freedom from contributory negligence on the part of decedent. Plaintiff's counsel then took an exception to the ruling of the court.
It is now contended that the jury, having rendered a general verdict, the trial court had no power to set the verdict *Page 357 
aside and dismiss the complaint; that in case the court saw fit to set aside the verdict it was bound to grant a new trial and could not dismiss the complaint upon the merits. We agree with the contention of the plaintiff's counsel that the court had no power to dismiss the complaint upon the merits, and in so far as the dismissal upon the merits is concerned the judgment should be modified by striking therefrom the words "on the merits." We are of the opinion, however, that the court did have the power to set aside the verdict and grant the motion for a nonsuit, for the reason that the deferring of the motion was acquiesced in by the counsel upon both sides. It is quite true that the right to move for a nonsuit does not exist after verdict, but when the motion was made before the verdict and the decision thereof expressly reserved by the court, with the consent of the parties, until after the verdict the court may then, notwithstanding the verdict, render its decision upon the motion and cause judgment to be entered thereon. This has been the practice in the courts of this state for many years. It was so held by Judge WOODRUFF as early as the case of Downing v. Mann (9 How. Pr. 204) and has been reiterated many times since. (Glennon v. Erie R.R. Co.,86 App. Div. 397; affd., 180 N.Y. 562; Crecelius v. City ofNew York, 114 App. Div. 801; Caspers v. Dry Dock, E.B. B.R.R. Co., 22 App. Div. 156; Paltey v. Egan, 200 N.Y. 83.)
In view, therefore, of the fact that the parties are deemed to have acquiesced in and consented to the reservation of the decision of the defendant's motion for a nonsuit until after the verdict, it becomes unimportant to determine whether section 1187 of the Code of Civil Procedure applies to this case. If it does apply, then the trial judge had the power to reserve his decision until after verdict even though the parties objected thereto, but if the provisions of that section only apply to special verdicts and not to general verdicts, then the provisions with reference to special verdicts have no application to this case and do not change the practice as it theretofore existed with reference to general verdicts. *Page 358 
With reference to the other questions raised by the appellant's counsel we concur in the conclusions reached by the Appellate Division.
The judgment should be modified by striking therefrom the words "on the merits," and as modified affirmed, without costs in this court to either party.
CULLEN, Ch. J., GRAY, VANN, WERNER, HISCOCK and COLLIN, JJ., concur.
Judgment accordingly.