ABRAHAM KAGAN, as Administrator, etc., of MORRIS KAGAN, Deceased, Appellant, *v.* PAULINE AVALLONE, Individually and as Administratrix, etc., of JOSEPH AVALLONE, Deceased, Defendant, Impleaded with BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

First Department, March 8, 1935.

*Harold R. Medina* of counsel [*Samuel L. Sargent* and *William F. McNulty* with him on the brief; *Slade & Ohringer*, attorneys], for the appellant.

*Edmund L. Palmieri* of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondent.

UNTERMYER, J. This action is maintained by the plaintiff, as administrator of Morris Kagan, who died at the age of three and one-half years, as the result of injuries sustained on the morning of December 7, 1931, while in the yard or playground of Public School No. 91 in the city of New York. The injuries were caused by an extension ladder which fell upon the infant from the roof of the school, while in use by representatives of the Estate of Joseph Avallone in performing certain painting work on the chimney of the school building, pursuant to a written contract between Avallone and the board of education. The Estate of Avallone was charged with negligence in failing to take proper precautions to secure the ladder in order to prevent it from falling into the playground below. The board of education was charged with negligence in failing to exercise " adequate and suitable supervision over the workmen, agents, servants and employees of the defendant Estate of Joseph Avallone, deceased, to see that proper means were used to securely fasten and tie the ladder or ladders used by the said agents, servants and employees of the Estate of Joseph Avallone, deceased, while employed in and upon said school building."

At the conclusion of the testimony both defendants moved to dismiss the complaint and for the direction of a verdict in their favor. These motions were denied, exceptions were duly taken and all the parties proceeded to address the jury. Before submitting the case to the jury, however, the court modified its previous ruling on the motion of the board of education to dismiss the complaint to the extent of reserving decision thereon. To that ruling of the court an exception was taken by the plaintiff. The court thereupon submitted the case to the jury, which returned a verdict in favor of the plaintiff against both defendants for $7,500. Motions were duly made by each defendant to set aside the verdict. The court granted the motion of the defendant Avallone to set aside the verdict as excessive unless the plaintiff would consent to a reduction of the verdict to $5,000. The plaintiff having consented to this reduction of the verdict against Avallone, neither the plaintiff nor Avallone appeal from the judgment entered thereon. As

against the defendant board of education the court not only set aside the verdict but dismissed the complaint, and it is from its action in this respect that the plaintiff has appealed, contending, *first*, that upon the evidence the court properly submitted to the jury the question of the liability of the board of education and, accordingly, that the motion of the board to dismiss the complaint, upon which decision was reserved, and the motion to set aside the verdict should have been denied; *second*, that the court had no power, against the opposition of the plaintiff, to reserve decision on the defendant's motion and to dismiss the complaint after submission of the issues to the jury for a general verdict; *third*, that in no event did the court have the power to dismiss the complaint " on the merits " on the defendant's reserved motion to dismiss.

We are of opinion that all these objections must be overruled. Upon the facts, conceded at the trial, the board of education was not liable. The board of education, it is true, does not enjoy sovereign immunity. It is liable for acts of negligence committed by its agents or employees in the management of its property. (*Herman* v. *Board of Education,* 234 N. Y. 196.) In this respect the board is very much in the same situation as a private individual (*Lessin* v. *Board of Education,* 247 N. Y. 503), but, like a private individual, it may enter into contracts with independent contractors for the performance of specified work. Where it does, persons engaged in the performance of such work are not the servants of the board of education; they are the servants of the contractor. Consequently, within well-understood limitations, the negligence of those engaged upon the work is not the negligence of the board; it is the negligence of the contractor. (*Engel* v. *Eureka Club,* 137 N. Y. 100; *McCafferty* v. *S. D. & P. M. R. R. Co.,* 61 id. 178.) This principle exonerates the board from liability unless the work contracted to be done was attended with inherent danger (*Engel* v. *Eureka Club, supra*) or was of such a character that the duty to exercise proper care could not be delegated to another. Here the work on which the contractor was engaged at the time of the accident consisted in the painting of a chimney of the school. This was work which manifestly would have involved no extraordinary hazard if it had been performed with ordinary care. Nor does the case fall within the class of cases where, on grounds of public policy, the duty to take due precaution in relation to the work cannot be delegated to others. (*Deming* v. *Terminal Railway of Buffalo,* 169 N. Y. 1; *Paltey* v. *Egan,* 200 id. 83; *Downey* v. *Low,* 22 App. Div. 460.) It falls rather within the rule exemplified in *Hyman* v. *Barrett* (224 N. Y. 436), where a tenant, standing in the

courtyard of the premises, was struck by a board carelessly dislodged by a workman in the service of an independent contractor engaged in the making of repairs. Notwithstanding that the relation between the parties was that of landlord and tenant, the plaintiff was held not entitled to recover. The court said that the defendant " did not fail in his duty because of this casual act of a contractor's servant any more than he would have failed if the servant or the child of a tenant had done the same thing. The danger was not inherent in the work contracted to be done. [*Boomer* v. *Wilbur*, 176 Mass. 482; *Blumenthal* v. *Prescott*, 70 App. Div. 560, 565; *Precott* v. *Le Conte*, 83 App. Div. 482, 488; affirmed, 178 N. Y. 585; *Sulzbacher* v. *Dickie*, 6 Daly, 469.] It had its origin in an act of negligence ' collateral ' to the work." For identical reasons, the board of education was not liable for the negligence of employees of the estate of the deceased contractor in failing adequately to secure the ladder used by them in executing his contract with the board. It follows that the verdict was correctly set aside.

Since the plaintiff failed to establish any cause of action against the board of education, the board was entitled to a dismissal of the complaint at the conclusion of the case. The question then is whether, as the plaintiff contends, the complaint should not have been dismissed after the verdict was rendered, because, against the plaintiff's objection, the court had reserved decision on the defendant's motion to dismiss. In *Bail* v. *N. Y., N. H. & H. R. R. Co.* (201 N. Y. 355) it was decided that the court had power to dismiss the complaint after a general verdict where neither party had objected to the reservation of decision on the defendant's motion to dismiss. The court, however, expressly declined to pass upon the power to dismiss the complaint after a general verdict for the plaintiff where decision on the motion was reserved against the opposition of the plaintiff. That question was presented to this court, soon after the decision in the *Bail* case, in *Blyth* v. *Quinby & Co.* (148 App. Div. 871). Under identical conditions the power was sustained. Indeed, it is difficult to perceive how any right of the plaintiff which is entitled to protection was prejudiced by this procedure. The court could have dismissed the complaint at the close of the testimony. How was the plaintiff aggrieved because action was deferred until after the jury had rendered its verdict on the facts? If, as we hold, no cause of action was established, then the only objection available to the plaintiff is that the trial court should have dismissed his complaint sooner than it did. The practice which was followed is, moreover, justified by practical considerations. It facilitates the final disposition of the litigation by producing a record on which the action of the trial

court dismissing the complaint may be affirmed or the verdict of the jury reinstated by an appellate court without the necessity of a new trial. For that reason alone, we think the power to reserve decision on a defendant's motion to dismiss the complaint is one which in a doubtful case should be freely exercised by the trial judge.

Finally, it is contended that, where decision is reserved on the defendant's motion to dismiss, the complaint may not be dismissed upon the merits after a general verdict for the plaintiff. It must be conceded that this rule was applied in *Bail* v. *N. Y., N. H. & H. R. R. Co.* (*supra*), where the judgment was modified to this extent. But when the *Bail* case was decided (1911) section 1209 of the Code of Civil Procedure provided that "A final judgment, dismissing the complaint, either before or after a trial, rendered in an action hereafter commenced, does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment-roll, that it is rendered upon the merits." Under these conditions it had been consistently held that the court had no power to dismiss the complaint upon the merits either at the conclusion of the plaintiff's case or at the close of all the evidence. (*Jones* v. *Gould, No. 1*, 145 App. Div. 271; *Niagara Fire Ins. Co.* v. *Campbell Stores*, 101 id. 400; affd., 184 N. Y. 582; *Harris* v. *Buchanan*, 100 App. Div. 403; *Koewing* v. *Thalmann*, 139 id. 893; affd., 203 N. Y. 597.) In order to authorize a judgment on the merits, a directed verdict was necessary under the practice as it then prevailed. (*Peggo* v. *Dinan*, 72 App. Div. 434; *Weeks* v. *Van Ness*, 104 id. 7; *Molloy* v. *Whitehall Portland Cement Co.*, 116 id. 839.) This rule resulted from the principle that " a judgment upon the merits must rest upon findings of fact expressed in some form either by the verdict of a jury or by the findings of the court." (*Jones* v. *Gould, No. 1, supra.*) To the same effect see *McDonald* v. *Metropolitan St. R. Co.* (167 N. Y. 66); *Wheeler* v. *Ruckman* (51 id. 391). Therefore, in the condition of the law when the *Bail* case was decided the trial court had no power, even at the close of the evidence, to dismiss the complaint upon the merits. Necessarily it acquired no greater power by reserving decision on the defendant's motion to dismiss. It will thus be seen that the *Bail* case merely held that the trial court after the verdict could only make the same disposition of a defendant's motion to dismiss on which decision was reserved that it could have made before.

Both the rule and the reason for the rule were abrogated in 1920 by the Civil Practice Act. By section 482 it was provided: " Effect of judgment dismissing complaint. A final judgment dismissing the complaint before the close of the plaintiff's evidence does not

prevent a new action for the same cause of action, unless it expressly declares that it is rendered upon the merits. A dismissal of a complaint or a counterclaim at the close of the plaintiff's or defendant's evidence, as the case may be, or a dismissal of a complaint or counterclaim at the close of the whole evidence, is a final determination of the merits of the cause of action and bars a new action between the same parties or their privies for the same cause of action unless the court shall dismiss without prejudice." It is very evident that these provisions authorize the court to dismiss the complaint upon the merits " at the close of the plaintiff's or defendant's evidence." Otherwise it would not have been provided that such a dismissal of the complaint is presumptively a final determination of the merits, precluding another action for the same cause. Section 441 also provides: " Decision where nonsuit granted. The decision of the court upon the trial of the issues of fact or upon a motion for judgment, where a nonsuit is granted, must direct the final or interlocutory judgment to be entered thereupon, and in any such case it shall not be necessary for the court to make any finding of fact." Only where the decision is " upon the trial of the whole issues of fact " is the court required in an action tried without a jury separately to state the facts found and the conclusions of law. (Civ. Prac. Act, § 440.) Consequently, where there is no determination of the facts but the complaint is dismissed upon a question of law in an action tried before a jury, the court specifies the nature of the judgment to be entered without the necessity of a directed verdict. Section 441 furthermore dispenses with findings of fact which, in actions not tried before a jury, at one time were regarded as essential where the judgment provided for the dismissal of the complaint upon the merits. Such findings are now regarded as unnecessary where the complaint is dismissed even upon the merits without the decision of any controverted issue of fact. Here again the practice is fortified by consideration of expediency. Where the plaintiff is unable to establish a cause of action and upon the plaintiff's proof it is evident to the trial court that none exists, it is difficult to suggest any reason for perpetuating the litigation by a dismissal of the complaint without prejudice to another action for the same cause.

The judgment so far as appealed from should be affirmed, with costs.

MARTIN, P. J., MERRELL, McAVOY and O'MALLEY, JJ., concur.

Judgment so far as appealed from affirmed, with costs.