CENTRAL COAL COMPANY, INC., Respondent, *v.* LOURAY REALTY CORPORATION, Appellant.

Supreme Court, Appellate Term, First Department, July 12, 1935.

*George R. Bregman,* for the appellant.

*Jacob M. Zinaman,* for the respondent.

PER CURIAM. Although the Appellate Division has decided that upon reserving decision of a motion to dismiss a complaint until the case is submitted to and passed upon by the jury the court may not direct a verdict in the absence of the jury (*Matter of Continental*

*Guaranty Corp.* v. *Craig,* 212 App. Div. 236; *Gabler* v. *Goldman Co.,* 215 id. 333), under the recent decision of our Appellate Division, construing the relevant provisions of the Civil Practice Act (*Kagan* v. *Avallone,* 243 App. Div. 437), the trial judge had a right to direct judgment for plaintiff after the jury disagreed; and whether plaintiff's judgment is the result of a " direction for judgment " in so many words or the direction of a " verdict " is immaterial. It follows that appellant's contention that the court below had no jurisdiction to make the order appealed from must be overruled.

Order affirmed, with ten dollars costs and disbursements.

FRANKENTHALER and SHIENTAG, JJ., concur; CALLAHAN, J., dissents with memorandum.

CALLAHAN, J. (dissenting). It is my view that the court below was without authority to direct a verdict for plaintiff several months after the jury had disagreed and been discharged. (*Gilbert* v. *Finch,* 72 App. Div. 38; *Gabler* v. *Goldman Co.,* 215 id. 333.) The recent decision in *Kagan* v. *Avallone* (243 App. Div. 437) has not, in my opinion, changed the rule indicated in the cases cited with respect to the direction of a verdict.