EVA HOFFMAN, as Administratrix, etc., of GEORGE B. HOFFMAN, Deceased, Appellant, Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, Respondent, Appellant.— This is an appeal from an order setting aside the verdict rendered in the above-entitled action in favor of the plaintiff upon the ground that it is contrary to and against the weight of the evidence and granting a new trial, and an appeal by the defendant from an order denying defendant's motion for dismissal of the complaint made at the close of all the testimony. The judge at the trial in his opinion said "that such testimony taken all together and when subjected to the test of reason and probability, fails to justify the conclusion that the verdict of the jury was in accord with its weight and credibility." With this we are in accord. He said further, "The dismissal of the complaint upon the merits is beyond the power of the court in its disposition of a motion for non-suit made at the close of the entire case, even though the reservation of decision upon that motion was acquiesced in by the parties." The court had authority to dismiss the complaint and a review of all the evidence in the case indicates that such relief should have been granted. (*Kagan* v. *Avallone*, 243 App. Div. 437.) The order, in so far as it provides that the verdict be set aside, is affirmed; in so far as it grants a new trial, and denies the defendant's motion to dismiss the complaint, the order is reversed on the law and facts, and the said motion is granted, with costs. Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur.

JAMES BETTS, Respondent, v. FAYETTE F. SPROUT, Appellant.— On this appeal from a judgment for personal injuries arising from negligence, the defendant, appellant, concedes liability. He asks a reversal upon the sole ground that the verdict of $1,100 is excessive. The jury could have found that plaintiff was cut and bruised about the mouth, tongue, foot, shoulders, right little finger, right knee, left ankle, shin and hip; also that after the accident he suffered from pain in his chest and heart when he worked or exerted himself. Plaintiff was a banjo player. The injury to his little finger was disabling for a time. He was out of work for five weeks, and still suffered some at the time of the trial and more than a year after the accident. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.