JAMES DONOHUE, an Infant, by FRANK DONOHUE, His Guardian ad Litem, and FRANK DONOHUE, Plaintiffs, *v.* BOARD OF EDUCATION, SCHOOL DISTRICT No. 5, TOWNS OF MT. PLEASANT, NORTH CASTLE and GREENBURGH, Defendant.

Supreme Court, Westchester County, October 15, 1938.

*George F. Muth*, for the plaintiffs.

*Ireland & Cohen*, for the defendant.

PATTERSON, J. Plaintiffs move for reargument of certain motions made upon the trial of the above-entitled action: *First*, at the close of the plaintiffs' case to dismiss upon which decision was reserved; and *second*, the motion made to set aside the verdict under section 549 of the Civil Practice Act after verdict was rendered by the jury in favor of plaintiffs.

The motion for reargument is granted.

The court in its opinion has heretofore granted the motion to set aside the verdict and for a new trial and also granting the motion made at the end of the plaintiffs' case to dismiss the complaint.

The pertinent facts are these:

At the close of the plaintiffs' case, the defendant made a motion to dismiss. Decision on the motion was reserved without exception

on the part of the plaintiffs. Thereafter, the defendant proceeded with its proof and at the end of its case again renewed its motion to dismiss and for a direction of a verdict; decisions on which motions were likewise reserved without exception. After the latter motions, the plaintiffs, in rebuttal, called a witness and asked him three rather immaterial questions. The defendant, after this evidence, which was the close of the entire case, did not renew its motion to dismiss and for a direction of a verdict and thereby conceded that there was a question of fact for the jury.

It is plaintiffs' contention that the motion at the end of the plaintiffs' case was waived and that the court now has no power to revert to that motion for the purpose of granting a dismissal, secondly, it cannot grant the motion made at the end of the defendant's case because it was not renewed at the close of the entire case, and thirdly, by the failure of the defendant to make such a motion, the court is without power to set aside the verdict as against the weight of evidence.

As to the first contention, the court indicated, or said in its original memorandum granting the motion to dismiss, that the court had power to revert to its reserved decision on the motion by reason of the failure of plaintiffs' counsel to except to such reservation and cited *Bail* v. *New York, N. H. & H. R. R. Co.* (201 N. Y. 355) and *Myers* v. *Daley* (236 App. Div. 879), as apparent authority for the practice and that the trial court having reserved decision on the motions of the defendant to dismiss the plaintiffs' complaint with the acquiescence of plaintiffs' counsel, the court still has power after a general verdict to decide these motions and to dismiss the complaint.

It will be assumed that the court was in error in this, namely, that it had no power to revert to that motion for the purpose of granting a dismissal, but going to the motion made at the end of the defendant's case, is the court divested of its power to dismiss the complaint simply by reason of the fact that the plaintiffs, in rebuttal, called a witness and asked him three questions and the defendant thereupon failed to again renew its motion to dismiss and for a directed verdict? For all intents and purposes the evidence in the case was completed at the termination of the defendant's case and the motion made at that time to dismiss had all the force and effect of a motion made at the end of the whole case. The defendant had twice moved to dismiss the plaintiffs' complaint, and the court had twice reserved decision thereon. For the defendant to have again made a third motion after the three rather immaterial questions had been asked would have been a futile gesture. Certainly, the court would have again made the same ruling. The

three categorical denials made by the plaintiffs in their rebuttal testimony did not in any respect add to or fortify the case in chief of the plaintiffs. If without these three questions asked, a question of fact was not presented for the jury to pass upon, it cannot be successfully contended that these three additional questions and answers supplied an issue where none existed before. I am unwilling to subscribe to any such narrow and meticulous rule on my own initiative and it would only be on authority of the Appellate Division that I should so rule.

The case of *Weizinger* v. *Erie R. R. Co.* (106 App. Div. 411) is apparently pertinent to the defendant's contention. There the case was opened after the defendant had made its motion, for the purpose of permitting the defendant to introduce additional evidence and thereafter not renewed. Plaintiff contended that the failure of the defendant to renew its motion to dismiss before the court charged the jury was a concession that there was evidence to be submitted to the jury. The court writing, said: " We think that the failure of the defendant to renew its motion after this reopening of the case was not a waiver of its former motion to direct a verdict for the defendant which had been denied and to which it had taken an exception. The case had been closed, and counsel had summed up to the jury."

As the court said in *Shotwell* v. *Dixon* (163 N. Y. 43, 53): " It cannot be properly held that where a plaintiff fails to establish a cause of action, the defendant, by submitting the case, without moving for a nonsuit, supplies the necessary proof, or is to be regarded as waiving his right to raise that question upon appeal."

It is my opinion that the court was not divested of the power to dismiss the complaint at the close of the entire case by reason of the failure of the defendant to suitably move, in view of its motions made at the close of the defendant's case. I, therefore, renew my determination to dismiss the complaint.

Having dismissed the complaint, the question as to whether the court has the power to even set aside the verdict as against the weight of evidence is probably academic.

The failure to dismiss at the end of the case is merely a concession that a cause of action exists and nothing more. The defendant may still maintain that the jury's verdict was contrary to the weight of the evidence. The case of *Faulkner* v. *Cornell* (80 App. Div. 161) would seem to be in point upon the question. In that case the defendant moved for a dismissal at the close of the plaintiff's case, which was denied. The motion was not renewed at the close of the entire case nor was a directed verdict requested. An appeal was taken from the judgment for the plaintiff and from the order

denying the motion for a new trial. In reversing the judgment and order on the ground that the verdict was contrary to the weight of evidence and granting a new trial the Appellate Division wrote, " It is clear that appellant, by conceding that there was a question of fact, did not waive his right to contend that the verdict if rendered in favor of the plaintiff would be against the weight of evidence." (Likewise, *Murtha* v. *Ridley*, 232 N. Y. 488.)

In conclusion, I adhere to my original decision to set aside the verdict as against the weight of evidence and to dismiss the complaint.