ANTOINETTE LANDBY, as Executrix of EDWARD G. LANDBY, Deceased, Plaintiff, *v.* NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY et al., Defendants.

Supreme Court, Trial Term, Westchester County, December 11, 1950.

*Block & Greene* for plaintiff.

*Edward R. Brumley* for New York, New Haven & Hartford Railroad Company, defendant.

*Clark, Gagliardi & King* for Village of Mamaroneck, defendant.

COYNE, J. At the close of plaintiff's case, and again at the close of the entire case, the court reserved decision on the motions of the respective defendants to dismiss the complaint. The jury having failed to reach an agreement, it is now incumbent upon the court to dispose of the motions. In making the present determination, it is not necessary to recite the evidence in detail. There is no dispute as to the facts surrounding the happening of the accident. Briefly, the decedent, an expert electrician, entered alone upon the private property of the defendant railroad company, when no one was nearby, presumably to remove a thin bare wire which was hanging from the high-tension live wire of the railroad company. It would appear that the thin bare wire had been thrown over the live wire by a child. Apparently, in an effort to remove the foreign wire, a contact occurred and decedent was electrocuted. Giving plaintiff the benefit of every favorable inference, under the proven facts, she has failed to establish actionable negligence on the part of either defendant.

As against the defendant, the New York, New Haven & Hartford Railroad Co., it was plaintiff's claim that the presence of the bare live wire constituted a grave hazard; that a situation existed where danger to others was imminent; and that the decedent went upon the property of the railroad company as a rescuer to eliminate the danger. At the trial, plaintiff relied upon the theory or doctrine of " Rescue ". The determination of this motion must therefore rest upon the sufficiency of the evidence under the doctrine of " Rescue ". It was the contention of the defendant railroad company that the decedent was not engaged in a rescue at the time of the unfortunate occurrence. The railroad company contended that he was a trespasser to whom no duty was owing except to refrain from intentional and wanton negligence.

The doctrine of rescue is applicable when one acts impulsively, oblivious of peril, to save or assist an injured person, or a person whose injury is imminent. The record in the present case is devoid of evidence showing imminent peril of injury to anyone at the time the fatal injuries were sustained by decedent. Actually, the evidence shows, as noted above, there was no one in the vicinity of the live bare wire, on the private right of way, when the accident occurred. The legal status of the decedent was that of a trespasser. It clearly appeared that the decedent gratuitously and voluntarily undertook to remedy a dangerous condition well known to him. In so doing, it is manifest, under the evidence in the case, that he acted rashly and in utter disregard of his own safety. As a consequence, the court is impelled to find that the decedent was guilty of contributory negligence as a matter of law.

Having reached this conclusion, it follows, on the facts in this case, that no liability can be imposed upon the remaining defendant, the Village of Mamaroneck. Quite apart from this determination, it would seem that the liability of the municipality was, in any event, most dubious. Plaintiff's claim of negligence against this defendant was predicated upon a contention that the municipality, through its agents and employees, knowingly left a dangerous condition unguarded and unprotected thereby violating its duty to protect the public. The municipality contended, apart from the issue of contributory negligence, that it owed no duty to decedent to protect him against the condition which caused the accident, and that it cannot be held liable for a negligent act of omission in the performance of a governmental function.

The rules governing the liability of municipal corporations for negligence have been substantially changed in recent years. The waiver of immunity from liability by the State of New York (Court of Claims Act, § 8), has been extended to its political subdivisions, including counties, cities and villages. Under the statutes and decisions, the present rule of liability appears to be that a municipality is answerable for the negligence of its agents in exercising a proprietary function; and, in the absence of a duty imposed by statute or charter provision, " at least for their negligence of commission in exercising a governmental function ". (*Murrain* v. *Wilson Line,* 270 App. Div. 372, 375, affd. 296 N. Y. 845, motion for reargument denied 296 N. Y. 995; *Steitz* v. *City of Beacon,* 295 N. Y. 51; 2B Warren's Negligence, p. 23; 15 Fordham L. Rev. 144.) There is no proof of an affirma-

tive act of negligence upon the part of the municipality, or its employees, which contributed to the happening of the accident. The specification of negligence against the municipality was strictly one of omission. Its negligence, if any, was merely passive — a failure to perform a governmental function. As indicated under the authorities cited, there appears to be no basis for imposing liability upon the Village of Mamaroneck.

On all of the evidence, the court is constrained to grant the motions and dismiss the complaint. Motions granted, with appropriate exceptions to plaintiff. Settle orders on notice.