ANTOINETTE LANDBY, as Executrix of EDWARD G. LANDBY, Deceased, Appellant, v. NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY et al., Respondents.— In an action to recover damages for wrongful death the jury failed to agree, and plaintiff appeals from an order granting defendants' motions to dismiss the complaint, upon which decision had been reserved, and from the judgment in favor of defendants entered pursuant thereto. Decedent, an experienced electrician, was electrocuted on defendant railroad's property, apparently in an attempt to remove a foreign wire which had been thrown over said defendant's high tension wire by children some hours before. The scene was not near a road or highway and no one had been in the immediate vicinity for at least an hour prior to the accident, although there was proof that children played on the railroad's premises from time to time, and several children had been observed there earlier on the day in question. Both defendants had actual notice of the condition, which had been reported to defendant village's police department by a neighboring property owner, and by a police officer to defendant railroad's ticket seller, an hour or more before the accident. The wire was not removed, nor was the current shut off, until after the occurrence. The trial court dismissed the complaint on the grounds that the doctrine of rescue was inapplicable, since there was not evidence of imminent peril to anyone at the time decedent's fatal injuries were sustained; that decedent was guilty of contributory negligence as a matter of law; that he was a trespasser on defendant railroad's property; and that the defendant village could not be held liable for leaving a dangerous condition unguarded and unprotected, since at most such neglect was a failure to perform a governmental function. Order and judgment unanimously affirmed, with one bill of costs to respondents. In our opinion, although the doctrine of rescue was inapplicable (cf. *Eckert* v. *Long Island R. R. Co.*, 43 N. Y. 502; 65 C. J. S., Negligence, § 124), a question of fact as to contributory negligence was raised by the testimony of plaintiff's expert witness that the manner in which decedent apparently was attempting to remove the hanging wire was an acceptable method of procedure. However, the complaint was properly dismissed since, affording plaintiff the benefit of every fact that a jury could find from the evidence and every reasonable inference that might be drawn therefrom, we are of the opinion that plaintiff failed to establish any actionable negligence on the part of the defendants. As to defendant railroad, decedent, under the circumstances disclosed, was a trespasser or at most a bare licensee to whom that defendant owed no duty other than to abstain from inflicting wanton or willful injuries, or affirmative acts of negligence (*Carbone* v. *Mackchil Realty Corp.*, 296 N. Y. 154, and cases cited therein); and the record contains no evidence which would sustain a finding of negligence on that theory. As to defendant village, the omission of safeguards at the scene of the accident constituted, if anything, a failure to exercise a governmental function which created no civil liability to individuals. (Cf. *Murrain* v. *Wilson Line*, 270 App. Div. 372, affd. 296 N. Y. 845; *Steitz* v. *City of Beacon*, 295 N. Y. 51; *Ferrier* v. *City of White Plains*, 262 App. Div. 94, motion for leave to appeal denied, 287 N. Y. 852, and 18 McQuillin on Municipal Corporations [3d ed.], §§ 53.51, 53.79.) Present — Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ. [199 Misc. 73.] [See *post*, p. 1026.]