ARMAN GULLIAN et al., Appellants, *v.* AUSTIN R. NEWCOMBE & COMPANY, INC., Respondent.

Third Department, May 31, 1967.

*Eugene F. X. Gilhuly* for appellants.

*Roy L. Featherstone* for respondent.

GABRIELLI, J. This is an appeal from a judgment of the Supreme Court, Ulster County, dismissing the complaint.

At the end of the plaintiffs' case, defendant moved for judgment dismissing the complaint and, again, at the conclusion of all the testimony, renewed its motion and additionally moved for a directed verdict. Upon each occasion, the court reserved decision.

Because of certain improprieties during appellants' summation to the jury, respondent's motion for the withdrawal of a juror was granted and the court thereafter determined the motion upon which he had reserved decision, in favor of respondent.

The parties have, pursuant to CPLR 5527, stipulated that the sole question to be determined upon this appeal is whether the court has the power to rule upon such motions after the declaration of a mistrial.

We conclude that the court retained such authority and answer the question in the affirmative.

Appellants argue that upon granting the motion for the withdrawal of a juror, the entire trial is at an end and no further proceedings can be had therein. Their reliance on the dictum in *Stern* v. *Wabash R.R. Co.* (52 Misc. 12, 15) is misplaced for there the court inferentially stated to the contrary when it added '' The court did not reserve its decision on the motions for a nonsuit either at the end of the plaintiff's case or of the whole case. In each instance there was a complete disposition of the motion — nothing was reserved for future consideration ''. Here, because of the definite reservation, it cannot be said that there was a complete disposition of the motion and, perforce, of the action itself.

Appellants' contention that the withdrawal of a juror usually returns a cause to the calendar for a retrail *de novo* is correct. We must, however, bear in mind that the application for a mistrial came well after the close of all the proof. Indeed, in this context it is quite analogous to a situation where a jury is unable to agree, the trial is terminated and a retrial is thus required. In specific situations such as this, it has been held that the court has power to pass on a motion made at the end of a plaintiff's case for dismissal or for a directed verdict at the end of all the proof, where decision thereon has been reserved (*Italiano* v. *Jeffrey Garden Apts.*, 3 A D 2d 677, affd. 3 N Y 2d 977; *Gallagher* v. *Citizens Water Works*, 278 App. Div. 792, affd. 303 N. Y. 805; *Landby* v. *New York, New Haven & Hartford R. R. Co.*, 199 Misc. 73, affd. 278 App. Div. 965; *Central Coal Co.* v. *Louray Realty Corp.*, 156 Misc. 206).

The record and Clerk's minutes disclose that after the motion for withdrawal of a juror was granted, '' Court recessed to Chambers '' and was subsequently convened on February 3, 1965 '' pursuant to adjournment '' at which time the ruling was made on the motion for a directed verdict. Even without such a positive retention of control over the case, the provisions of CPLR 4014 would authorize the action here for the trial itself was not completed until the court had disposed of all matters connected with it, including rulings upon motions upon which decision had been reserved and which would and could be dispositive of the cause.

The judgment and order should be affirmed.

Gibson, P. J., Herlihy, Aulisi and Staley, Jr., JJ., concur.

Judgment and order affirmed, without costs.